103 So.2d 809

**Gerald E. HUDDLESTON et al.**

v.

**Luther WILLIAMS.**

**6 Div. 230.**

Supreme Court of Alabama.

June 5, 1958.

Corretti & Newsom, Birmingham, for appellants.

448

Hogan & Callaway and Robt. S. Vance, Birmingham, for appellee.

LAWSON, Justice.

From the decree overruling their demurrer to the bill as a whole, respondents appeal.

The bill in one of its aspects seeks specific performance of a contract relating to personal property described as "official American Kennel Club, Inc., forms or papers properly signed by Respondents," which would enable complainant to register with the American Kennel Club, Inc., in complainant's name, as owner, a miniature poodle dog which complainant purchased from respondents.

■ The equity of that aspect of the bill rests upon the broad ground—the foundation stone of equity jurisprudence—of inadequacy of the remedy at law. And it is, of course, the general rule that a court of equity will not order a specific performance of a contract as to personalty because ordinarily there is an adequate remedy at law. Downing v. Williams, 238 Ala. 551, 191 So. 221.

■ But one of the exceptions to this general rule is where the loss cannot be adequately compensated by damages in an action at law. Downing v. Williams, supra; General Securities Corp. v. Welton, 223 Ala. 299, 135 So. 329. We are of the opinion that the averments of the instant bill show that the registration papers in question are unique, valuable only to complainant in that he is the owner of the dog to which the papers relate, and that complainant's right to register the dog in his own name is dependent upon the performance by respondents of their contract to sign and deliver the papers. Such being the case, the remedy at law for damages would be inadequate. The ground of the demurrer which took the point "that there is an adequate remedy at law" was overruled without error. See Titus v. Empire Mink Corp., Sup., 17 N.Y.S.2d 909; Elliott v. Jones, 11 Del.Ch. 283, 101 A. 872.

The only other grounds of the demurrer to which any reference is made in brief filed here on behalf of appellants, respondents below, are those which take the point that " * * * it affirmatively appears from the face of the complainant's complaint that the contract referred to in the said complaint is wanting in mutuality of remedy."

In the complaint it is alleged that on June 7, 1957, " * * * it was mutually agreed between the Complainant and Respondents that Respondents should immediately deliver to Complainant's counsel the said signed papers or forms by which Complainant could effect the registration of Pierre [the dog] with the American

Kennel Club, Inc.; and that in consideration thereof and in full discharge of all obligations of the Complainant to the Respondents arising out of said agreement of January 19, 1956, that Complainant agreed to pay for the clipping of the hair of each of Respondents' two poodle dogs by a Veterinarian of Respondents' choice eight times on dates to be selected by Respondents, * * *"

 Mutuality of remedy need only exist at the time of the rendition of the decree. Blackburn v. McLaughlin, 202 Ala. 434, 80 So. 818. We have observed that as a general proposition the rule of mutuality is satisfied if the decree of specific performance operates effectively against both parties and gives each the benefit of a mutual obligation. Pierce v. Watson, 252 Ala. 15, 39 So.2d 220; General Securities Corp. v. Welton, supra.

In his bill complainant offers to do equity and to do such things and to pay into court such monies as the court might decree to be required for the discharge of his contractual responsibilities. Under such averments the trial court could render a final decree which will operate without injustice to respondents below and give them the full benefit of the obligations imposed by the contract in question.

In our opinion the grounds of the demurrer taking the point that the contract sought to be enforced is wanting in mutuality of remedy were not well taken.

There being no merit in the grounds of demurrer which appellants have argued in brief filed here, the decree of the trial court is due to be affirmed. It is so ordered. See Woods v. County Board of Education of Sumter County, 264 Ala. 81, 84 So.2d 780.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.