This is an appeal from the judgment of the trial court granting specific performance to the seller and awarding the seller incidental damages and other relief. The trial judge heard the testimony ore tenus and after considering documentary evidence introduced, made extensive findings of facts and conclusions of law, which we incorporate herein:
FINDINGS OF FACT AND DECREE
 This matter is before the Court on evidence presented ore tenus and in the form of documents at the nonjury trial of this case on May 30, 1979. Based on the pleadings, documents and testimony by witnesses, the Court hereby enters the following Findings of Fact and Decree:
 On July 4, 1978, Plaintiff, Arrowhead Investment Company, Ltd., a limited partnership, entered into a written contract with Defendants, Richard M. Suter and wife, Gail S. Suter, for the sale of a townhouse and lot located at 41 Tecumseh Drive, Montgomery, Alabama. Plaintiffs paid $500.00 as consideration or earnest money, and agreed to pay the price of $66,950.00 for the townhouse. The contract further provided that Defendants could reside in the house for a period of six weeks rent free while their loan was being processed and closed. Defendants moved in on July 14, 1979 and executed a "move in" agreement acknowledging that the house and all improvements had been fully completed in a satisfactory and workmanlike manner and agreeing to close said sale within three days from the date of receiving notification that the loan was ready for closing. On or about that same date Defendants delivered to Mr. Mark Tiller, one of the general partners of Plaintiff, a punch list containing several items which needed to be done by Plaintiff.
 On or about Thursday, August 24, 1978, Plaintiff and Defendants were notified that Defendants' loan had been approved and that a closing had been set for Monday, August 28 at 1:30. Several discussions were had regarding the failure of Plaintiff to complete all of the items on the punch list. It was finally agreed by Plaintiff and Defendants that the closing attorney would hold $300.00 in escrow until these items were done.
 On Monday, August 28, at approximately 12:30 P.M., Defendants notified the realtor that they would not close and, in fact, failed to appear at the closing. The Defendants were on August 30, 1978, again notified in writing that the loan closing was set for Tuesday, September 5, 1978, at 1:30 P.M. Again Defendants refused to close and failed to appear at the closing. Defendants moved out of the townhouse located at 41 Tecumseh Drive and moved into housing on Maxwell Air Force Base on or about August 30, 1978.
 Plaintiff took said townhouse off the market and on September 25, 1978, filed suit seeking specific performance of the contract of July 4, 1978, and praying for incidental damages caused by the delay in closing.
 The Court finds that Plaintiff incurred the following incidental damages as a result of Defendants' failure to close: Rent pursuant to the move-in agreement in the amount of $10.00 per day for 49 days which amounts to $490.00; interest on Plaintiff's construction loan in the amount of $66,950.00 for the period August 28, 1978, to October 20, 1978, at 9 1/2% per annum, and for the period October 20, 1978 to the date of the closing at 12% per annum; any discount or points in excess *Page 817 
of 1 1/2% of the loan amount; maintenance fee paid to the Arrowhead Townhouse Homeowners Association in the amount of $52.50; prorated and valorem taxes in the amount of $12.58 per month; water bill for water used by Defendants while in possession in the amount of $9.56; gas bill for gas used by Defendants while in possession in the amount of $9.54; attorney fees to Plaintiff's attorney in the amount of $1,500.00 plus expenses in the amount of $221.70.
 Based on the above findings of fact, this Court holds that on July 4, 1978, Plaintiff and Defendants entered into a written contract for the sale of 41 Tecumseh Drive which is further described as Lot 31, according to the Map of Arrowhead Townhouses Plat 1-A, as said map appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 27 at page 273; that although there were subsequent oral discussions between the parties as to the completion and correction of certain punch list items, there was no subsequent agreement in writing and the original written contract cannot be subsequently modified or changed by oral agreements. Jones v. First National Bank, 206 Ala. 203, 89 So. 437 (1921).
 This Court holds further that Plaintiff is entitled to specific performance of the July 4, 1978 contract and further that Plaintiff is entitled to incidental damages to place Plaintiff back in the same position it would have been had Defendants closed the loan on August 28, 1978. Wray v. Harris, 350 So.2d 409
(1977); Bruner v. Hines, 295 Ala. 111, 324 So.2d 265
(1975).
 It is, therefore, ORDERED, ADJUDGED and DECREED, that Defendants are ordered forthwith to specifically perform said sale in accordance with the terms of the contract of July 4, 1978, and to execute any and all documents and pay any and all sums of money necessary to effect such specific performance, and
 It is further ORDERED, ADJUDGED and DECREED that Defendants are ordered to pay to Plaintiff the sum of $10,231.22 which sum represents the incidental damages computed to August 1, 1979, which sum is to be increased at the rate of $22.42 per day up to the date of closing of the sale. These computations were based upon a projected discount of 2 1/2% of $66,950.00 and are to be adjusted at the time of closing to reflect the actual discount paid over 1 1/2% of $66,950.00.
 Defendants are also ordered to pay the costs in this proceeding, for which execution may issue.
DONE, this 27th day of July, 1979.
 /s/ Perry Hooper CIRCUIT JUDGE
Appellant raises the following issues on appeal:
(1) Did the trial court err in overruling appellants' motion for new trial on the ground that the order of specific performance was contrary to the law and evidence of the case?
(2) Did the trial court err in awarding damages in the amount of $10,231.22?
(3) Did the trial court err in ordering that damages be increased at the rate of $22.42 per day up to the date of closing?
As to the first issue raised by the appellants, it is well settled that the granting or denying of a motion for a new trial is a matter resting primarily in the discretion of the trial judge and the exercise of discretion carries with it a presumption of correctness. Taylor v. Birmingham News Co.,341 So.2d 689 (Ala. 1977).
Appellants' main argument is that the parties orally agreed to change the closing date and that the trial judge erred in holding that the "original written contract could not be modified or changed by oral agreement."
We interpret this statement of law by the trial judge in his decree to be a statement by him of the general rule to the effect that a contract required by the statute of frauds to be in writing cannot be modified by subsequent parol agreement.Weatherwax v. Heflin, 244 Ala. 210, 12 So.2d 554 (1943). From a reading of the *Page 818 
entire decree, we find that it is apparent that the trial judge applied equitable principles in decreeing specific performance. In any event, the trial judge did not consider that any oral modification of the written contract was of a nature which could be set up as a bar to specific performance. See Cowin v.Salmon, 244 Ala. 285, 13 So.2d 190 (1943). This Court stated inCowin that:
 An oral modification in favor of defendant, even though it may not be enforceable because of the statute of frauds, may be set up as a bar to specific performance. 58 Corpus Juris 980, § 164, note 85, p. 981, § 165, note 93; Waterman on Specific Performance, § 489.
244 Ala. at 295, 13 So.2d at 198. Under the facts of this case, however, we do not hold that the trial judge erred in refusing to allow the buyers to set up the alleged oral modification as a bar to specific performance. As this Court recently said inWray v. Harris, 350 So.2d 409 (Ala. 1977):
 It is true that "[t]he equitable remedy of specific performance of agreements for the sale of lands rests largely in judicial discretion, directed and regulated by defined rules." Carlisle v. Carlisle, 77 Ala. 339, 341 (1884).
350 So.2d at 412. Also, the decision by the trial court to grant specific performance was based on testimony heard oretenus. Unless the decision by the Court is plainly and palpably erroneous and contrary to the great weight of the evidence, we should affirm it. Hall v. Polk, 363 So.2d 300 (Ala. 1978).
The appellant also contends that the trial judge made his decision, or a part thereof, without sufficient evidence to support his findings. The trial judge did find that the parties agreed "that the closing attorney would hold $300.00 in escrow" until the repairs were complete. The evidence does not directly show that there was such an agreement; however, the evidence does show that the seller did discuss the escrow with appellant, Mrs. Suter, and that the seller did contact the closing attorney requesting that he put $300.00 in escrow. There was sufficient evidence, therefore, upon which the trial judge could infer that the seller was acting in good faith and attempting to protect the buyers while closing the loan at the earliest possible time. We hold that the buyers have failed to show by this argument that the trial judge abused his discretion in granting specific performance.
As a second issue, the buyers contend that the trial court erred in awarding as incidental damages $10,231.22 when the seller only claimed $9,921.36 at trial. We note that seller's complaint mentions no specific dollar amount as damages. Rather, seller asked for such other relief as "in equity and good conscience it may be entitled." Rule 54 (c), ARCP, states in pertinent part:
 Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.
The award of $10,231.22 by the trial court was not error, because it was supported by credible evidence. In a litigated case, the prayer does not necessarily limit the amount of recoverable damages. Cf. Brown v. Burr-Brown ResearchCorporation, 378 F.2d 822 (5th Cir. 1967).
Likewise, the decision by the trial court that the incidental damages should be increased by $22.42 per day, up to the time of closing, is within the discretion of a court sitting in equity. The amount awarded represents the sum computed by the trial judge to be in excess of the discount rate at the time of the original closing. We find no error in that aspect of the court's decree because the trial court, applying equitable principles, was authorized to make those findings under the evidence presented.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur. *Page 819