This is an appeal from the judgment and various rulings of the Circuit Court of Jefferson County, in a case alleging breach of contract and fraudulent concealment in the sale of a home. We affirm.
The facts of this case are that in the early part of 1967 Mrs. Amelia Lee entered into an oral contract with Mr. E.M. Stringfellow, as agent for Stringfellow Materials, Inc., to buy a house located at 1665 Pine Avenue, S.W., Birmingham, Alabama. Under the terms of the contract, Mr. Stringfellow agreed to sell the house to Mrs. Lee, and, in exchange, Mrs. Lee agreed to convey to Mr. Stringfellow title to her home at 964 Second Street North, Smithfield, Alabama, as down payment and to pay a balance of $12,938.26 in monthly installments of $148.41, at 6% interest per annum. Mr. Stringfellow was to give Mrs. Lee a warranty deed to the property upon receipt of the final monthly installment.
In 1967, title to the property was held by Stringfellow Materials, Inc. At that time, Mrs. M.L. Stringfellow was president of the corporation and her son, Mr. E.M. Stringfellow was vice-president. Mrs. M.L. Stringfellow died shortly thereafter and Mr. E.M. Stringfellow became sole officer, director, and stockholder in the corporation.
Mrs. Lee made her first payment under the agreement in May of 1967 and continued paying until December of 1980, when she made a final payment of $154.31. Mrs. Lee sent her payments addressed to the corporation, along with a payment book provided to her by Mr. Stringfellow. Upon receipt of each payment, Mr. Stringfellow would enter the amount paid by Mrs. Lee in the book, divided into the amount of each payment attributable to principal and to interest. He would also subtract the amount paid from a previous balance and enter a new balance. He would then send the book back to Mrs. Lee as her receipt.
Mr. Stringfellow died in 1976, leaving his entire interest in Stringfellow Materials, Inc., to his daughter, Joy Schrum. In March 1977, Ms. Schrum dissolved the corporation and sold most of its assets. Following Mr. Stringfellow's death, Ms. Schrum continued to accept payments from Mrs. Lee in the same manner as had her father, and she acknowledged receipt of Mrs. Lee's final payment in December 1980.
In April 1967, Mrs. M.L. Stringfellow, as president of Stringfellow Materials, Inc., and Mr. E.M. Stringfellow as guarantor, executed a mortgage on the Pine Avenue *Page 1389 
property to City Federal Savings and Loan Association (City Federal). Mr. Stringfellow, and after his death, Ms. Schrum, used the money received from Mrs. Lee each month to pay the monthly mortgage payments to City Federal. Ms. Schrum stopped making payments on the mortgage after Mrs. Lee sent in her final payment in December 1980. The mortgage became in default in January 1981 and City Federal scheduled foreclosure proceedings for June 1981.
The record indicates that neither Mr. Stringfellow nor Ms. Schrum informed Mrs. Lee of the outstanding mortgage on the property, at any time, although Mrs. Lee spoke to Ms. Schrum on several occasions about the property. In November 1977, Ms. Schrum asked Amelia Lee and Bernice Finley, Mrs. Lee's daughter, to accompany her to Ms. Schrum's attorney's office in order to clear title in Ms. Schrum to the Second Street down payment property as agreed in the contract. At the attorney's office, Mrs. Lee specifically asked Ms. Schrum if there would be any problem with Mrs. Lee's receiving a deed to the Pine Avenue property when she had made her final payment. In response, Ms. Schrum was evasive and failed to inform Mrs. Lee of the mortgage.
Mrs. Lee testified that she became aware of the mortgage on the property about three months before she made her final payment, and that, after she made her final payment, agents of City Federal came to the house and informed her that City Federal was going to foreclose on the property and that she would have to vacate.
On July 13, 1981, Amelia Lee, Bernice Finley, and Amelia Finley, who is Amelia Lee's granddaughter, filed suit against Stringfellow Materials, Inc., City Federal Savings and Loan Association, First National Bank of Birmingham, as executor of the estate of E.M. Stringfellow, and Joy Schrum, individually, and in her representative capacity as sole stockholder in Stringfellow Materials, Inc. Plaintiffs based their action on breach of contract for the failure of defendants to execute a warranty deed to the Pine Avenue property. Plaintiffs also claimed fraud based upon defendants' actions in executing a mortgage on the property and failing to inform plaintiffs of said mortgage.
In their prayer for relief, plaintiffs asked the court to enjoin City Federal from foreclosing on the property; to order Stringfellow Materials, Inc. and Joy Schrum to pay off the City Federal mortgage; to execute a warranty deed to plaintiffs for the property; to specifically perform the contract; and to pay compensatory and punitive damages to the plaintiffs based on fraud. On July 13, 1981, the court issued a temporary restraining order against City Federal to prevent foreclosure of the property at the scheduled time.
Each named defendant answered the complaint. Following various motions and amendments by the parties, Bernice Finley and Amelia Finley were dismissed as party plaintiffs, and First National Bank of Birmingham, as executor of the Estate of E.M. Stringfellow, was dismissed as a defendant.
The case was heard before Judge William A. Thompson without a jury. Following presentation of all the evidence, Judge Thompson entered a judgment ordering the defendants, Stringfellow Materials, Inc., a dissolved corporation, and Joy Schrum, as the sole stockholder, director and president of said corporation, to convey and deliver a deed to the Pine Avenue property to Mrs. Lee and to cause to be recorded in the Probate Office an instrument attesting the payment and satisfaction of the mortgage to City Federal.
The court further ordered that in the event the defendants failed to perform, that upon written application of the plaintiff, Amelia Lee, to the court, the court would direct the Register to execute and deliver his deed giving title to Amelia Lee and enter a judgment based on fraudulent concealment and suppression of material facts in the sum of $8,894.55 or such other sums as the court found necessary to pay off City Federal.
The defendants appeal to this court from the trial court's judgment in favor of the *Page 1390 
plaintiff and assert that certain erroneous rulings were made by the court below.
Appellants' first contention, on appeal, is that the trial court abused its discretion in granting specific performance to Mrs. Lee. We do not agree. It is settled that the remedy of specific performance may be ordered where the contract is just, fair, and reasonable, and reasonably certain in respect to the subject matter and terms, and is founded on a valuable consideration. See Montgomery v. Peddy, 355 So.2d 698 (Ala. 1978); Alabama Central Railroad Co. v. Long, 158 Ala. 301,48 So. 363 (1909); Carlisle v. Carlisle, 77 Ala. 339 (1884). The decision to grant specific performance rests largely in the discretion of the trial judge, see Edwards v. Thornburgh,396 So.2d 678 (Ala. 1981); Wray v. Harris, 350 So.2d 409 (Ala. 1977), appeal after remand, 370 So.2d 974 (Ala. 1979), and whether relief shall be granted depends upon an equitable consideration of the particular circumstances of each case. SeeDendy v. Anchor Construction Co., Inc., 294 Ala. 120,313 So.2d 164 (1975); Carlisle v. Carlisle, supra.
Furthermore, the decision of the trial judge will be overturned, on appeal, only if shown to be palpably erroneous.Edwards v. Thornburgh, supra; Wray v. Harris, supra. It should also be noted that the findings of a trial court hearing a case without a jury and on evidence presented ore tenus, as in the present case, will not be overturned on appeal unless they are unsupported by the evidence or are plainly and palpably erroneous. Smith v. McNaughton, 378 So.2d 703 (Ala. 1979).
In the present case, the evidence presented by Mrs. Lee sufficiently establishes the existence and terms of a reasonable contract founded on valuable consideration. The evidence further shows that appellants breached said contract, and that Mrs. Lee has no adequate remedy at law to redress the breach. When tested by the criteria set out above, we cannot find that the trial court abused its discretion in ordering specific performance in this case.
Appellants also contend that the trial court erred in granting damages for fraud for concealment of the outstanding mortgage and, at the same time, granting specific performance of the contractual agreement. Appellants, in their brief, rely on Gulf Oil Corp. v. Spriggs Enterprises, 388 So.2d 518 (Ala. 1980), for the proposition that the court may not award damages for the tort of fraud and misrepresentation, and, in addition, grant specific performance of the agreement. While, ordinarily, this is a correct statement of the law, (see, however, MidstateHomes, Inc. v. Johnson, 294 Ala. 59, 311 So.2d 312 (1975)), it is inapplicable to the present case.
The order of the trial judge does not award damages for fraud in addition to granting specific performance. Rather, the order is phrased in the alternative. The effect is to award to Mrs. Lee either specific performance of the contract or, damages such as will fully compensate her for appellants' actions, in the event that appellants fail to specifically perform as ordered. Mrs. Lee either gets one type of recovery or the other, but not both. We find no error in the trial court's order.
Appellants further contend that the trial court erred in awarding damages to Mrs. Lee on the finding that Stringfellow Materials, Inc., a dissolved corporation, and Joy Schrum, as trustee of the assets of said corporation, and individually, were guilty of fraudulent concealment and suppression of material facts. We find that the trial judge was correct in awarding said damages based on appellants' actions in breaching a contract with Mrs. Lee. The trial judge, in this instance, came to the correct conclusion that damages should be awarded, but merely based this conclusion on the wrong theory of law. We uphold the award of damages to Mrs. Lee, such as will cause the contract to be fully and specifically performed, based on appellants' breach of contract.
Appellants further contend on appeal that the trial court erred in denying their motion to exclude the testimony of plaintiffs' witnesses Bernice Finley and Amelia *Page 1391 
Finley concerning transactions with and statements by the deceased Mr. E.M. Stringfellow. Appellants argue that to allow said testimony is a violation of Code of Alabama 1975, §12-21-163 (commonly known as the "dead man's statute"), which states in pertinent part:
 ". . . no person having a pecuniary interest in the result of the action or proceeding shall be allowed to testify against the party to whom his interest is opposed as to any transaction with, or statements by, the deceased person whose estate is interested in the result of the action or proceeding. . . ."
In order for the dead man's statute to disqualify a witness from testifying about his dealings with a deceased individual, three criteria must be met: (1) the estate of the deceased must be interested in the outcome of the suit; (2) the witness must have a pecuniary interest in the result of the proceedings; and (3) the testimony of the witness must relate to a personal transaction with the decedent. Bank of the Southeast v. Koslin,380 So.2d 826 (Ala. 1980); Taylor v. First National Bank ofTuskaloosa, 279 Ala. 624, 189 So.2d 141 (1966). Under the facts of this case, it is clear that all three criteria have not been met. First, the estate of the deceased will not be affected by the outcome of this action, since the deceased's estate is not a party to the action. Plaintiff's claims against the defendant First National Bank of Birmingham as executor of the decedent's estate were dismissed by the court prior to trial. The judgment rendered is against Stringfellow Materials, Inc., a corporation, and against Joy Schrum, individually and as sole stockholder and director of the corporation. Likewise, although appellants debate this point, the evidence clearly reveals that neither Bernice Finley nor Amelia Finley has a pecuniary interest in the outcome of the action. Consequently, the dead man's statute does not render Bernice Finley or Amelia Finley incompetent to testify to transactions with or statements by the deceased, M.L. Stringfellow.
Appellants' final contention is that the trial court committed reversible error in admitting into evidence, over objection, two payment books evidencing the amounts paid by Amelia Lee under the contract. Appellants argue that the appellee failed to lay a proper predicate for introducing the payment books in order to bring them within the "business records exception" of the hearsay rule. See Code of Alabama 1975, § 12-21-43. We do not agree. Suffice it to say that our examination of the record reveals that the payment books were properly admitted under the business records exception.
We have carefully reviewed the record and briefs of counsel in this case. Finding no error by the trial court on the issues raised by appellants, we affirm.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON and ADAMS, JJ., concur.
 *Page 68