This is an appeal by James H. Grayson, Defendant below, challenging an adverse money judgment in a jury trial and the trial court's order for specific performance of a contract. We affirm conditionally as to the money judgment, and affirm the judgment as to the award of equitable relief.
L.R. Boyette, Plaintiff/Appellee, filed a breach of contract action for damages and specific performance in Mobile Circuit Court against James H. Grayson. In May 1981, Grayson and Boyette had entered into an agreement whereby Boyette was to care for and train twelve greyhound racing dogs belonging to Grayson. The two agreed that Boyette would board the dogs until they were ready to race. According to the agreement, when the dogs began to race, Boyette would receive 65% of the winnings, and Grayson 35%. During the 1982 racing season, Grayson received approximately $1,000 per month from the dogs' winnings.
By September 1981, most of the dogs were ready to race, and did in fact race during that season. At the close of the 1982 season, Grayson obtained the dogs' registration papers from the Mobile Greyhound Park, where the dogs had been kenneled by Boyette. Grayson refused to return the papers to the park or to Boyette the following December, thus preventing Boyette from racing the dogs during the 1983 season.
Boyette, alleging that Grayson had breached the contract by failing to return the registration papers to the track, claimed as damages the fair value of boarding the dogs during the period they were unable to race. Additionally, claiming that he could not obtain complete legal redress because a portion of his damages was based on future loss of track winnings, Boyette prayed that Grayson be ordered to specifically perform the contract in the future, i.e., to return the dogs' registration papers to the track, thus allowing them to run as contemplated by the contract.
Grayson counterclaimed, alleging breach of contract by Boyette in not returning the dogs at his request. Boyette answered, contending that, under the terms of the contract, he could race the dogs throughout their racing life, as long as they were profitable.
After the trial, the jury awarded Boyette $25,000 in damages. Subsequently, the trial judge granted Boyette's prayer for specific performance. In so doing, the trial judge found that a contract did in fact exist between the parties and that, under the terms of the contract, Boyette was to use his "particular expertise in the training of greyhounds for the purpose of racing and that [Boyette] fully performed all of his obligations under said contract." The order granting specific performance further provides:
 "That the Plaintiff possessed unusual and specialized skill in the training and racing of said greyhounds and utilized said expertise in the preparation of said greyhounds for racing and because of the unique nature of the contract and due to the specialized personal services rendered by the Plaintiff herein, the Plaintiff is unable to obtain complete redress for his injuries in an action for damages, it is, therefore, ORDERED, ADJUDGED and DECREED by the court as follows:
 "1. That the Defendant, James H. Grayson, is hereby directed to take all steps necessary, including but not limited to, the delivery of such certificates as are necessary to the counsel for the Plaintiff for the racing of said greyhounds, and obtaining all necessary licenses to effectuate a specific performance of said contract."
On the same date of the order granting specific performance, the trial court denied Grayson's motion for a new trial as to the *Page 800 
money judgment, conditioned upon Boyette's filing a remittitur of $7,000, thus reducing the judgment to $18,000. Accordingly, Boyette filed a remittitur.
Appellant presents two issues on appeal: 1) Whether the verdict is excessive (i.e., whether the judgment as reduced is supported by the evidence); and 2) whether both specific performance and damages may be recovered in an action for breach of the same contract. Appellee, pursuant to A.R.Civ.P. 59 (e), seeks "to have the verdict reinstated in its full amount."
 I
Because Appellant's first issue and Appellee's Rule 59 (e) contention deal with excessiveness vel non of the jury's verdict, we will deal with these respective contentions as a single issue. At trial, Mr. and Mrs. Boyette and Defendant Grayson testified as to the provisions of their agreement to board and race the dogs. The Boyettes testified they were due between $13,000 and $14,000 for boarding the dogs, plus $4,900 for feeding and caring for them during the time the dogs were unable to race. Mr. Boyette concedes, however, that a portion of this bill was paid in services or other goods received from Grayson. These amounts included:
 1) Appliances .................... $4,600 2) Bond .......................... 500 3) Building ...................... 500 4) Diesel fuel ................... 65 5) Fencing ....................... 1,200 ------- TOTAL ........................ $6,865
Appellee attempts to justify the $18,000 to which the judgment was reduced, as well as claiming the remitted $7,000, on the basis of lost profits. Lost profits, however, were neither pleaded nor proved; nor was the jury instructed to consider lost profits as a basis for their award of money damages. Viewing the evidence most favorably to Appellee Boyette, both as to the expenses incurred by him ($18,900), as well as the sum due by him to Grayson ($6,865), we find that the largest award supported by the evidence is $12,035.
Therefore, we affirm the judgment appealed from, on the condition that the Appellee file with the clerk of this Court, within 14 days from the date of this opinion, a remittitur in the sum of $6,865, thereby reducing the judgment to $12,035. If the Appellee fails to file such a remittitur, this Court will reverse the judgment below and remand this cause for a new trial.
 II
Grayson argues that the trial judge also erred in granting Boyette's prayer for specific performance. Grayson first contends that specific performance is not an appropriate remedy for a contract involving personalty. Ordinarily, a court will not order specific performance of a contract relating to personalty, because there is an adequate remedy at law.Huddleston v. Williams, 267 Ala. 447, 103 So.2d 809 (1958). If, however, the loss occasioned by the breach cannot be fully compensated for in an action at law, specific performance will be granted. Huddleston, supra.
Boyette alleged that money damages would not adequately compensate him for the breach of contract because the loss of winnings by the greyhounds could not be accurately estimated. The trial court found that "because of the unique nature of the contract," and the fact that Boyette could not "obtain complete redress for his injuries in an action for damages," he was entitled to specific performance of the contract. We agree.
The sole issue remaining, then, is whether, under the instant facts, both an award of damages and a decree of specific performance will lie for the breach of the same contract. Ordinarily, one cannot have a decree for specific performanceand damages for breach of the same contract. Gulf OilCorporation v. Spriggs Enterprises, Inc., 388 So.2d 518 (Ala. 1980). This Court has, however, on occasion, allowed both the recovery of damages and ordered specific performance of the same contract. Suter v. Arrowhead Investment Co., Ltd.,387 So.2d 815 (Ala. 1980). *Page 801 
The situation in the instant case is one which falls within the exception as explained in Suter. There, an investment company entered into an agreement with the Suters for the sale of a townhouse and lot. The Suters later refused to purchase the home and the investment company sued for specific performance. This Court affirmed the trial court's order awarding incidental damages and also decreeing specific performance. The Court reasoned that damages and specific performance were appropriate where the damages, supported by credible evidence, were incidental to the breach, and where the on-going nature of the contract required its faithful performance. In the instant case, the evidence amply supports an award of damages in the amount of $12,035, if the jury believed the Boyettes' testimony; but these damages are merely incidental to the breach and do not compensate for the breach of its central purpose — the racing of the greyhounds.
Because the circumstances of this case fall outside the general rule proscribing both recovery of damages for breach of a contract and its specific performance, and because we find no abuse of the trial court's discretion, we affirm that portion of the judgment ordering Grayson to specifically perform the contract.
AFFIRMED CONDITIONALLY IN PART; AFFIRMED IN PART.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.