700 So.2d 1385 (1997)
GENERAL AVIATION, INC.
v.
AERIAL SERVICES, INC.
2950975.
Court of Civil Appeals of Alabama.
April 18, 1997.
Rehearing Denied May 30, 1997.
Certiorari Denied August 15, 1997.
*1386 M. Scott Harwell of Stewart, Keever & Harwell, L.L.C., Birmingham (Thomas W. St. John, Jr., of Stewart, Keever, Harwell & St. John, L.L.C., Birmingham, on brief), for appellant.
James R. Engelthaler of Thigpen & Engelthaler, Florence for appellee.
Alabama Supreme Court 1961519.
THOMPSON, Judge.
This contract case was originally assigned to a former judge on this court and was recently reassigned. The Supreme Court of Alabama transferred this appeal to this court, pursuant to § 12-2-7, Ala.Code 1975. We reverse and remand.
General Aviation, Inc., entered into an agreement with the Muscle Shoals Airport Authority to lease buildings from the Airport Authority in which General Aviation operated a fixed base operation.[1] On December 8, 1988, General Aviation entered into a sales agreement (hereinafter the "contract") with Aerial Services, Inc., in which General Aviation sold certain property and assigned all of its rights, interests, and claims under the lease agreement with Muscle Shoals Airport Authority to Aerial Services. One of the provisions of this contract states:
"As further consideration for all of the above, the purchaser, Aerial Services, Inc., a Corporation, agrees that General Aviation, Inc., a Corporation, or its assigns may use the office in the Southwest corner of the office complex of the fixed base operation on the east side of the Muscle Shoals Airport, rent free, and also 1 free hangar space and the right to purchase fuel at cost, for so long as Aerial Services, Inc., a Corporation, or its assigns has a Lease with Muscle Shoals Airport Authority, Inc., a Corporation, as the fixed base operator on the east side of the Muscle Shoals Airport."
(Emphasis added.)
The lease between General Aviation and the Muscle Shoals Airport Authority that had been assigned to Aerial Services in the contract between General Aviation and Aerial Services expired on November 30, 1991. Aerial Services entered into a new lease agreement with the Muscle Shoals Airport Authority. The duration of the new lease was from December 1, 1991, through November 30, 1996.
In November 1991, when the original lease was about to expire, Aerial Services demanded possession of the offices and hangar space occupied by General Aviation, and stopped providing fuel to General Aviation at cost. General Aviation filed a complaint alleging breach of contract and seeking specific performance of its contract with Aerial Services. A settlement was reached by the parties, but it was later set aside.
On August 26, 1993, the trial judge halted a hearing in order for the parties to submit briefs on the issue of whether parol evidence as to the meaning of the disputed term in the contract ("for so long as Aerial Services, Inc., *1387 a Corporation, or its assigns has a lease with Muscle Shoals Airport Authority, Inc.") was admissible. General Aviation argued that parol evidence was inadmissible because the terms of the contract were unambiguous. Without so finding, the trial court entered an order on September 13, 1993, sustaining General Aviation's objection to the admission of the parol evidence. The court entered an order on this issue so that the parties could appeal to the Supreme Court of Alabama. On March 9, 1994, the notice of appeal was stricken and the appeal was dismissed for want of a final order in the case.
After a non-jury trial on February 20, 1996, the trial judge entered a judgment on February 22, 1996. The trial court held that the contract between General Aviation and Aerial Services had expired on November 30, 1991, and that the phrase "for so long as Aerial Services, Inc., has a lease with Muscle Shoals Airport Authority, Inc." was "vague and indefinite and therefore unenforceable." The court, therefore, denied General Aviation's request for specific performance. General Aviation appeals, arguing that the trial court erred in finding the provision of the contract vague and unenforceable, and in refusing to order specific performance of the contract.
General Aviation argues that the trial court erred in finding the disputed provision of the contract ambiguousit argues both that the contract terms are plain and free from ambiguity and that a contract may depend on a prescribed contingency. We agree with Aerial Services's contention that the "prescribed contingency" issue was not raised at trial and therefore may not be considered on appeal. The review of this court is confined to the evidence and arguments that were before the trial court. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992).
However, we hold that the disputed phrase "for so long as Aerial Services, Inc., a Corporation, or its assigns has a Lease with Muscle Shoals Airport Authority, Inc." is unambiguous. That language is clear: as long as Aerial Services leases space from the Muscle Shoals Airport Authority, General Aviation maintains its rights under the provisions of the contract.
The intention of the parties must be derived from the language of the contract. Loerch v. National Bank of Commerce of Birmingham, 624 So.2d 552 (Ala.1993). "Courts are not empowered to insert ambiguities `by strained and twisted reasoning, into contracts where no ambiguities exist.' The language in an exclusion should be given the same meaning `that a person of ordinary intelligence' would reasonably give it." Woodall v. Alfa Mut. Ins. Co., 658 So.2d 369, 371 (Ala.1995) (citations omitted).
Whether a provision of a contract is ambiguous is a question of law, and the court's ruling on that question is therefore not afforded a presumption of correctness on appeal. Blue Cross and Blue Shield & Alabama v. Beck, 523 So.2d 121, 124 (Ala.Civ. App.1988). Therefore, this court's review of the trial court's order is de novo. First Mercury Syndicate, Inc. v. Franklin County, 623 So.2d 1075 (Ala.1993). There is no presumption of correctness of the trial court's finding that the disputed provision was ambiguous. We hold that the language of the disputed provision is plain and unambiguous and means that as long as a lease exists between Aerial Services and the Muscle Shoals Airport Authority, General Aviation has rights against Aerial Services under the parties' contract.
The other issue on which General Aviation appeals is the trial court's denial of General Aviation's request for specific performance of the contract. Specific performance of a contract may be ordered where "the contract is just, fair, and reasonable, and reasonably certain in respect to the subject matter and terms, and is founded on a valuable consideration." Stringfellow Materials, Inc. v. Lee, 438 So.2d 1387, 1390 (Ala.1983) (citations omitted). Specific performance of a contract will not be ordered, however, where there is an adequate remedy at law. Huddleston v. Williams, 267 Ala. 447, 103 So.2d 809 (1958). Here, the trial court would be authorized to conclude that General Aviation has an adequate remedy via money damages, specifically, the difference between the contract price and the current price of office space, hangar *1388 space, and fuel. In determining whether specific performance is appropriate, the trial court should also consider that courts may not decree specific performance of contracts that involve continuous affirmative acts over a long period of time. Lorch, Inc. v. Bessemer Mall Shopping Center, Inc., 294 Ala. 17, 310 So.2d 872 (Ala.1975). Whether to order specific performance is within the discretion of the trial court, and the appropriateness of specific performance must be determined on the specific facts of each case. Hicks v. Dunn, 622 So.2d 914, 916 (Ala.1993).
Here, the trial judge's holding that the contract provision was vague and unenforceable necessarily precluded the judge's consideration of whether the contract should be specifically enforced against Aerial Services. We remand for the trial judge to determine whether the terms of the contract between General Aviation and Aerial Services can and should be specifically enforced.
The judgment is reversed and the cause is remanded.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.
NOTES
[1] A "fixed base operation" fuels, parks, and maintains aircraft. Optional services include flight instruction and selling aircraft.