PITTMAN, Judge.
Leonard Freed, George Creel, and Ronald Whirley sued Henry H. Cobb, Jr., alleging breach of contract and fraud, and requesting compensatory and punitive damages. Cobb filed a motion for a summary judgment, which the trial court granted. Freed, Creel, and Whirley (hereinafter collectively “the purchasers”) appeal only as to the summary judgment on the breach-of-contract claim. The purchasers appealed to the supreme court; that court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Rule 56(c)(1), Ala.R.Civ.P„ sets out a two-part standard for granting a summary judgment. The trial court must determine (1) that there is no genuine issue as to any material fact and (2) that the moving party is entitled to a judgment as a matter of law. See Hinkle v. Burgreen Contracting Co., 678 So.2d 797, 799 (Ala.Civ.App.1996). Furthermore, to defeat a properly supported motion for summary judgment, the nonmovant must present “substantial evidence” to support the claim. § 12-21-12, Ala.Code 1975. Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In determining whether substantial evidence exists to defeat a summary-judgment motion, a court must view the evidence in a light most favorable to the nonmoving party. Goodwin v. City of Fultondale, 706 So.2d 766, 767 (Ala.Civ.App.1997).
Cobb owned an apartment complex in Montgomery. He had been negotiating with a prospective buyer of the complex, but the negotiations failed. The purchasers approached Cobb about purchasing the complex. On September 5, 1996, the purchasers and Cobb entered into a sales contract pursuant to which the purchasers would buy the complex for a sales price of $500,000 — $150,000 at closing and a $350,000 purchase-money mortgage in favor of Cobb. The contract was contingent upon the purchasers obtaining a $300,000 loan from People’s Bank for improvements to the property. The purchasers notified Cobb that the bank would lend them the $300,000 only on the condition that Cobb subordinate his mortgage to that of the bank. On September 20, 1996, Cobb and the purchasers executed the following addendum to the sales contract:
“FOR VALUABLE CONSIDERATION, hereby received and acknowledged, Henry H. Cobb, Jr., as Seller does hereby covenant and agree that he will subordinate the mortgage to be executed in favor of Henry H. Cobb, Jr. under the terms of said sales contract to the construction loan in favor of Peoples Bank and Trust Company to be used for remodeling of the premises being purchased therein.”
(Emphasis added.) Cobb then presented another addendum to the contract that changed the payment terms of the September 5, 1996, sales contract and provided for monthly payments on the amount owed to Cobb. The September 5, 1996, contract originally provided that the amount owed Cobb would be paid in a payment due 36 months after the sale, i.e., *809 a “balloon” payment. Creel and Whirley signed the second addendum, but Freed refused to do so. Cobb refused to sell the complex to the purchasers, and the purchasers filed this lawsuit.
Cobb argued in his summary-judgment motion that the failure of all the purchasers to agree to the second addendum to the contract indicated that there was no meeting of minds as to the consideration for Cobb’s promise to subordinate his mortgage to the bank’s mortgage. Therefore, Cobb contends that no valid contract existed and that the trial court properly entered the summary judgment for him on the purchasers’ breach-of-contract claim.
The purchasers argue that Cobb requested no new or additional consideration when he was presented with the first addendum to the contract. In other words, according to the purchasers, Cobb agreed to subordinate his mortgage in return for the purchasers’ keeping the payment terms in the original contract as consideration for his promise to subordinate. Therefore, the purchasers argue that the original contract and the first addendum constitute a valid contract, which, at most, contains an ambiguity as to the consideration for Cobb’s promise to subordinate his mortgage. The purchasers further argue that the trial court erred by entering a summary judgment for Cobb.
The elements of a valid contract are offer, acceptance, consideration, and mutual assent to its terms. Hargrove v. Tree of Life Christian Day Care Ctr., 699 So.2d 1242, 1247 (Ala.1997). Whether a contract contains an ambiguous term is a question of law. General Aviation, Inc. v. Aerial Services, Inc., 700 So.2d 1385, 1387 (Ala.Civ.App.1997). If the court concludes that an ambiguous term exists, then the finder of fact decides what the ambiguous term means. Mooney v. Henderson & Walton Women’s Center-East, Inc., 684 So.2d 1340, 1342 (Ala.Civ.App.1996).
We conclude that the original contract and the first addendum to the contract constitute a valid contract. The addendum unequivocally states that Cobb will subordinate his mortgage “under the terms of said contract” to the bank’s mortgage. Therefore, Cobb agreed to subordinate his mortgage to the bank’s mortgage and agreed to the same payment terms contained in the original contract as manifested by the use of the phrase “under the terms of said contract.” When Cobb presented the purchasers with second addendum, he was attempting to alter the payment terms already agreed to in the original contract and in the first addendum. Freed, one of the purchasers, refused to assent to the change in payment terms. Cobb argues that Freed’s refusal to assent to the change in payment terms evidences a lack of meeting of the minds as to the consideration for his promise to subordinate the mortgage. We disagree. Cobb was, in fact, attempting to form a new contract with new payment terms. The purchasers were not required to assent to the new payment terms, and one of the purchasers refusal to assent does not invalidate the already valid contract (formed by the original contract and the first addendum).
The trial court erred by entering a summary judgment for Cobb. The trial court’s judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., concurs.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur in the result.