**EL PASO PRODUCTION CO., CMV Joint Venture, and CDX Minerals, LLC, Appellants,**

v.

**GEOMET, INC., Appellee.**

No. 05–05–01085–CV.

Court of Appeals of Texas, Dallas.

Jan. 12, 2007.

Rehearing Overruled Aug. 3, 2007.

Bruce W. Claycombe, Geary, Porter & Donovan, P.C., Addison, Dill Mitchell McFarland, Harrison, Bettis, Staff, McFarland & Weems, LLP, Jeff Weems,

Elysia Buffman Franty, Houston, for Appellant.

Greg W. Curry, Thompson & Knight, Dallas, Debora McWilliams Alsup, Thompson & Knight LLP, Austin, for Appellee.

Before Justices MOSELEY, FRANCIS, and MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

El Paso Production Co., CMV Joint Venture, and CDX Minerals, LLC (collectively "El Paso") appeal the judgment rendered in favor of GeoMet, Inc. The trial court determined that a preferential right to purchase in an oil and gas joint operating agreement did not apply to the sale of GeoMet's overriding royalty interest, and the trial court granted GeoMet's motion for summary judgment and denied El Paso's. On appeal, El Paso asserts the trial court erred in granting GeoMet's motion for summary judgment and denying El Paso's motion. We reverse the trial court's judgment and remand the cause for further proceedings.

## BACKGROUND

In 1994, El Paso and GeoMet entered into a "Farmin" agreement.[1] Under the Farmin Agreement, GeoMet assigned to El Paso its oil and gas leases in the White Oak Creek Prospect, located in Alabama. GeoMet reserved an overriding royalty interest in the leases. The parties also signed a Joint Operating Agreement that contained a "preferential right to purchase." This provision provided that a party desiring to sell "its rights and interests in the Contract Area" and who has a proposed purchaser must first offer the

---

1. Both El Paso and GeoMet are successors in interest to the parties who signed the Farmin and Joint Operating Agreements. However, for the sake of clarity and simplicity, we refer to the current parties.

rights and interests to the other parties under the agreement on the same terms as to the proposed purchaser. The Joint Operating Agreement provided that it was governed by the law of Alabama.

In April 2004, GeoMet and CDX agreed that CDX would buy GeoMet's interests in the White Oak Creek Prospect, including GeoMet's overriding royalty interest. In May 2004, El Paso notified GeoMet that, pursuant to the preferential right to purchase, it intended to purchase GeoMet's interest under the Joint Operating Agreement and its overriding royalty interest. GeoMet agreed to sell El Paso its interests under the Joint Operating Agreement, but it refused to sell El Paso its overriding royalty interest.

El Paso then brought this lawsuit seeking enforcement of the preferential right to purchase. The parties filed cross-motions for summary judgment. The trial court granted GeoMet's motion and denied El Paso's and declared that the preferential right to purchase did not apply to Geomet's overriding royalty interest.

## STANDARDS OF REVIEW

The standard for reviewing a summary judgment under rule 166a(c) is well established. *See Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). A party moving for summary judgment has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *Kang v. Hyundai Corp.,* 992 S.W.2d 499, 501 (Tex.App.-Dallas 1999, no pet.). When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court reviews both sides' summary judgment evidence and determines all questions presented. The reviewing court then renders the judgment that the trial court should have rendered. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000).

The construction of an unambiguous contract is a question of law, which the reviewing court considers de novo. *MCI Tel. Corp. v. Tex. Utils. Elec. Co.,* 995 S.W.2d 647, 650–51 (Tex.1999). In this case, the parties' contracts are governed by Alabama law. Alabama law provides that when interpreting a contract, the court should derive the parties' intentions from the provisions of the contract itself, giving the terms of the agreement their clear and plain meaning and presuming that the parties intended what the terms of the agreement clearly state. *Ex parte Dan Tucker Auto Sales, Inc.,* 718 So.2d 33, 36 (Ala.1998); *Food Serv. Distribs., Inc. v. Barber,* 429 So.2d 1025, 1028 (Ala.1983). The court must consider the contract as a whole, even if the immediate object of the inquiry is the meaning of a particular clause; whenever possible, the court should give effect to all parts of a contract. *Gulf Coast Realty Co. v. Professional Real Estate Partners, Inc.,* 926 So.2d 992, 1005 (Ala.2005). The court must construe the agreement in its entirety, and it cannot disassociate a single provision or sentence from others having reference to the same subject matter. *Adcock v. Adams Homes, LLC,* 906 So.2d 924, 932 (Ala.2005). Where two or more instruments are executed at the same time by the same parties in reference to the same subject matter, they will be construed together to give effect to all provisions of the contract so that none will be rendered meaningless. *Pac. Enters. Oil Co. v. Howell Petroleum Corp.,* 614 So.2d 409, 414 (Ala.1993).

## OVERRIDING ROYALTY INTEREST

In its first issue, El Paso asserts the trial court erred in denying its motion for summary judgment and granting GeoMet's motion for summary judgment. We must determine whether El Paso's preferential right to purchase applies to GeoMet's overriding royalty interest. To do so, we examine the language of the contracts creating the overriding royalty interest and the preferential right to purchase.

### Farmin Agreement & Creation of the Overriding Royalty Interest

The overriding royalty interest was created in the December 21, 1994 Farmin Agreement. Under section 2.1 of the Farmin Agreement, El Paso promised to pay GeoMet $3.3 million, and GeoMet promised to transfer certain mineral leases to El Paso. In section 2.2,

> [GeoMet] further excepts and reserves and retains unto itself, its successors and assigns, an overriding royalty in production from the Leases, in addition to the royalty specified in the Leases, equal to the difference between the burdens on the particular lease and 25%
> . . . .

The assignments from GeoMet to El Paso provided,

> Assignors except from this Assignment and reserve from each Lease an overriding royalty interest in (i) all oil . . .; (ii) all gas . . .; and (iii) any other hydrocarbons produced, saved and sold from the lands described in the Leases.

Thus, according to the Farmin Agreement, the overriding royalty interest was a royalty interest in production from the leases in the Farmin Agreement carved out of the leases, retained by GeoMet, and not assigned under the Farmin Agreement. The overriding royalty interest is an interest in real estate. *See Consolidated Gas & Equip. Co. of Am. v. Thompson*, 405 S.W.2d 333, 336 (Tex.1966); *EOG Res., Inc. v. Hanson Prod. Co.*, 94 S.W.3d 697, 701 (Tex.App.-San Antonio 2002, no pet.).

### Joint Operating Agreement & the Preferential Right to Purchase

For the Joint Operating Agreement, signed the same day as the Farmin Agreement, the parties used the American Association of Petroleum Landmen's Model Form Operating Agreement, A.A.P.L. Form 610–1982, altering the language as necessary for their purposes. The preferential right to purchase comes from article VIII(F) of the Joint Operating Agreement:

> Should any party desire to sell all or any part of its interests under this agreement, *or its rights and interests in the Contract Area*, it shall promptly give written notice to the other parties, with full information concerning its proposed sale, which shall include the name and address of the prospective purchaser (who must be ready, willing and able to purchase), the purchase price, and all other terms of the offer. The other parties shall then have an optional prior right, for a period of ten (10) days after receipt of the notice, to purchase on the same terms and conditions the interest which the other party proposes to sell; and, if this optional right is exercised, the purchasing parties shall share the purchased interest in the proportions that the interest of each bears to the total interest of all purchasing parties. However, there shall be no preferential right to purchase in those cases where any party wishes to mortgage its interests, or to dispose of its interests by merger, reorganization, consolidation, or sale of all or substantially all of its assets to a single third party.

(Emphasis added.) Accordingly, we must determine whether the overriding royalty

interest constitutes "rights and interests in the Contract Area" or "interests under this agreement." If it does, then it is subject to the preferential right to purchase. In this case, the overriding royalty interest constitutes "rights and interests in the Contract Area."

The Joint Operating Agreement defined "Contract Area" as meaning "all of the lands, oil and gas leasehold interests and oil and gas interests intended to be developed and operated for oil and gas purposes under this agreement. Such lands, oil and gas leasehold interests and oil and gas interests are described in Exhibit 'A'." In turn, Exhibit A identified the "Lands Subject To This Agreement" by referring to " 'Exhibit G–1' attached hereto and made a part hereof." Exhibit G–1 is a map of the White Oak Creek Prospect shaded to show the area subject to the Joint Operating Agreement.

## Analysis

■ The Farmin Agreement shows GeoMet assigned all of its rights under the leases to El Paso except for a portion of the right to payment from production, which it retained as an overriding royalty interest. The production for which Geo-Met would receive overriding royalties was from the leases that constitute the "Contract Area" under the Joint Operating Agreement. Thus, GeoMet's overriding royalty interest is a right and interest in the Contract Area. *See H.G. Sledge, Inc. v. Prospective Inv. & Trading Co.*, 36 S.W.3d 597, 599 n. 2 (Tex.App.-Austin 2000, no pet.). Under the Joint Operating Agreement, the "rights and interests in the Contract Area" are subject to the preferential right to purchase.

GeoMet argues the overriding royalty interest is not subject to the preferential right to purchase because the overriding royalty interest is not part of the Contract Area.[2] The issue is not whether the overriding royalty interest is part of the Contract Area; the issue is whether the overriding royalty interest constitutes "rights and interests in the Contract Area." The overriding royalty interest, as a right to payment from production in the land and leases constituting the Contract Area, is clearly "rights and interests" in that land and those leases. The Joint Operating Agreement states "all rights and interests in the Contract Area" are subject to the preferential right to purchase.

We hold the preferential right to purchase in the Joint Operating Agreement applies to GeoMet's overriding royalty interest. We conclude the trial court erred in granting GeoMet's motion for summary judgment and denying El Paso's motion regarding whether the preferential right to purchase in the Joint Operating Agreement applies to GeoMet's overriding royalty interest. We sustain El Paso's first issue.

## REMEDY

■ In its second issue, El Paso asserts this Court should render judgment awarding specific performance by ordering Geo-Met to sell the overriding royalty interest to El Paso and award damages in the amount of the lost royalties. El Paso moved for similar relief in its motion for summary judgment. For us to grant this relief pursuant to a motion for summary judgment, El Paso must have proven its entitlement as a matter of law to both

---

**2.** GeoMet also argues the overriding royalty interest was not an "interest" under the Joint Operating Agreement. Because we conclude the overriding royalty interest is a right or interest in the Contract Area and therefore is subject to the preferential right to purchase, we do not reach these arguments.

specific performance and damages. *See* TEX.R. CIV. P. 166a(c).

■ Under Alabama law, "Ordinarily, one cannot have a decree for specific performance *and* damages for breach of the same contract." *Grayson v. Boyette,* 451 So.2d 798, 800 (Ala.1984). However, "[i]t is within the sound judicial discretion of the trial judge to make findings regarding incidental damages when balancing the equities between the parties in specific performance cases. Absent a clear abuse of that discretion, or palpable error, such findings will not be disturbed on appeal." *Aldridge v. Olive,* 876 So.2d 1130, 1133 (Ala.2003) (citation omitted) (quoting *Anderson v. Wooten,* 549 So.2d 40, 44 (Ala.1989)). Thus, under Alabama law, El Paso was not entitled as a matter of law to an award of both monetary damages and specific performance, but the trial court had discretion to award damages as well as specific performance to balance the equities between the parties.[3]

Because El Paso did not prove its entitlement as a matter of law to both specific performance and damages, we cannot render judgment for El Paso granting both types of relief. Accordingly, we remand the cause for the trial court to determine and award the appropriate relief.

## CONCLUSION

We reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

---

**3.** The Alabama cases El Paso cites involve jury awards and findings of fact by the trial courts, not awards of damages as a matter of law. *See Aldridge,* 876 So.2d at 1131;

---

*Anderson,* 549 So.2d at 44; *Grayson,* 451 So.2d at 799; *Suter v. Arrowhead Inv. Co., Ltd.,* 387 So.2d 815, 816 (Ala.1980).