THOMAS, Judge.
Century Automotive Group (“Century”), appeals from a judgment of the Madison Circuit Court (“the trial court”) ordering specific performance of a contract instead of awarding money damages.
The relevant facts and procedural history are as follows. On June 16, 2009, Century, a corporation that owns a car dealership located in Huntsville, entered into a contract with Structure Designs, LLC (“SD”), for SD to construct and deliver a display for the dealership’s showroom. Pursuant to the contract, Century agreed to pay $24,900; the parties agree that SD was to deliver and install the display within six months of receiving payment in full.
It is undisputed that Century paid SD a $10,000 deposit on June 17, 2009, that Century paid the remaining balance of $14,900 on September 3, 2009, and that the display was not delivered. The record includes correspondence between the parties in which Century requested the delivery of the display and in which, subsequent to SD’s failure to deliver, Century demanded a refund of the purchase price. On December 8, 2011, Century filed a complaint in the trial court alleging that SD had breached the contract and seeking damages in the amount of $24,900 plus interest and costs; on January 30, 2012, SD filed an answer denying it had breached the contract. Century filed a motion for a summary judgment on June 28, 2013, to which it attached the affidavit of Cindy Hopper, the controller for Century, and letters from Tracy Jones, the president of Century, and Perry Little, the chief executive officer of SD.
The trial court held a trial on July 22, 2013. The transcript reveals that, at the *66 beginning of the trial, the trial court stated that it had granted Century’s motion for a summary judgment as to liability and that the trial would proceed on the issue of damages.[1] On August 21, 2013, the trial court entered a judgment ordering SD to deliver the display within 60 days; all other claims for relief were denied. On September 20, 2013, Century filed a motion to alter, amend, or vacate the judgment or, alternatively, for a new trial. In its post-judgment motion, Century argued that it had not sought specific performance of the contract and that the trial court had erred by failing to award it the purchase price of the display. The record does not indicate that the trial court ruled on Century’s postjudgment motion; therefore, it was denied by operation of law on December 19, 2013. See Rule 59.1, Ala. R. Civ. P.
Century filed a timely notice of appeal to this court on January 23, 2014. In its brief on appeal, Century argues that the trial court erred by ordering specific performance instead of money damages for SD’s breach of the contract.
“ ‘The decision to grant specific performance rests largely in the discretion of the trial judge.’ Stringfellow Materials, Inc. v. Lee, 438 So.2d 1387, 1390 (Ala.1983). Moreover, the trial court ‘will be overturned, on appeal, only if shown to be palpably erroneous.’ Stringfellow Materials, 438 So.2d at 1390.” 1631 Second Ave. North, L.L.C. v. Raine, 963 So.2d 71, 74 (Ala.2007).
Century correctly states that § 7-2-711(1), Ala.Code 1975, provides that a buyer may recover the amount that has been paid for goods when the seller fails to make delivery.[2] Section 7-2-711 further provides for additional remedies, such as specific performance, that a party may seek under appropriate circumstances.
Although it was undisputed that Century did not seek specific performance of the contract, specific performance was the only remedy ordered by the trial court. Section 7-2-716(1), Ala.Code 1975, provides that “[sjpecific performance may be decreed where the goods are unique or in other proper circumstances.” This court has also stated that
“[sjpecific performance of a contract may be ordered where ‘the contract is just, fair, and reasonable, and reasonably certain in respect to the subject matter and terms, and is founded on a *67 valuable consideration.’ Stringfellow Materials, Inc. v. Lee, 438 So.2d 1387, 1390 (Ala.1983) (citations omitted). Specific performance of a contract will not be ordered, however, where there is an adequate remedy at law. Huddleston v. Williams, 267 Ala. 447, 103 So.2d 809 (1958).”
General Aviation, Inc. v. Aerial Servs., Inc., 700 So.2d 1385, 1387 (Ala.Civ.App.1997).
The trial court correctly stated in its judgment that an “injured party is not to be put in a better position by a recovery of damages for the breach than he would have been in if there had been performance. Curacare, Inc. v. Pollack, 501 So.2d 470 (Ala.Civ.App. [1986]).” However, we do not understand how simply awarding Century damages for the amount of money it had already paid would place Century in a better position than if the breach had not occurred. Although the contract did not state that time was of the essence,
“the parties might make time essential by ‘clear manifestation of the intent of the parties in the contract itself, by subsequent notice from one party to the other, by laches in the party seeking to enforce it, or by change in the value of the land or other circumstances which would make a decree for the specific performance inequitable.’ ”
Moore v. Lovelace, 413 So.2d 1100, 1102 (Ala.1982) (quoting Isom v. Johnson, 205 Ala. 157, 158, 87 So. 543, 544 (1921), quoting in turn Barnard v. Lee, 97 Mass. 92 (1867))(emphasis added). The record indicates that, in addition to not seeking specific performance, Century, at the time of the trial, no longer had a need for the particular display that SD had agreed to provide.
To be sure, “ ‘[t]he equitable remedy of specific performance rests largely in the discretion of the trial judge’ however, whether to grant such an award “ ‘depends upon a consideration of the particular circumstances of each case.’ ” Saad v. Saad, 31 So.3d 706, 713 (Ala.Civ.App.2009)(quoting Allen v. Storie, 579 So.2d 1316, 1318-19 (Ala.1991)). Moreover, “ ‘a party who has not shown such a performance of, or willingness upon his part to comply with, the terms of a contract within a reasonable time may not compel performance by the other party to the contract.’ ” Saad, 31 So.3d at 713-14 (quoting Durden v. Furniture Fair of Dothan, Inc., 348 So.2d 1375, 1376 (Ala.1977)). Although we note that in the present case the trial court ordered specific performance without the request of the opposing party, it would be inequitable to “ ‘enforce [specific performance] in favor of a party who has not fully and fairly performed all the conditions precedent on his part to the obligation of the other party.’ ” Saad, 31 So.3d at 714 (quoting Durden, 348 So.2d at 1376).
Included in. the record on appeal are communications between representatives of Century and SD tending to show that, although Century had paid the purchase price in full, SD had failed to deliver the display as the parties had agreed. The trial court stated on the record that SD had breached the contract, and, even though an order granting a partial summary judgment was not entered into the State Judicial Information System, ■ see note 1, supra, the trial court’s final judgment confirms that it found that the contract had been breached. SD has not filed a cross-appeal arguing that the trial court’s conclusion that it had breached the contract was error. Therefore, we must conclude that, because SD failed to deliver the display, Century was within its rights pursuant to § 7-2-711(1) to cancel the contract and to demand a refund of the purchase price that it had paid. Therefore, *68 because SD breached the contract by failing to deliver the display within a reasonable time even though Century had fully performed its obligation under the contract, we conclude that specific performance was inequitable in this case.
Based upon the foregoing, we reverse the judgment of the trial court insofar as it ordered specific performance of the contract instead of awarding Century damages in the amount of the purchase price that it had paid, and we remand the cause for the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. The record does not include a written order of the trial court granting the 'partial summary judgment.

. Section 7-2-711 provides, in its entirety:
"(1) Where the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance, then with respect to any goods involved, and with respect to the whole if the breach goes to the whole contract (Section 7-2-612), the buyer may cancel, and whether or not he has done so may, in addition to recovering so much of the price as has been paid:
"(a) ‘Cover’ and have damages under Section 7-2-712 as to all the goods affected whether or not they have been identi- ■ fled to the contract; or
"(b) Recover damages for nondelivery as provided in this article (Section 7-2-713).
"(2) Where the seller fails to deliver or repudiates the buyer may also:
"(a) If the goods have been identified recover them as provided in this article (Section 7-2-502); or
“(b) In a proper case obtain specific performance or replevy the goods as provided in this article (Section 7-2-716).
"(3) On rightful rejection or justifiable revocation of acceptance a buyer has a security interest in goods in his possession or control for any payments made on their price and any expenses reasonably incurred in their inspection, receipt, transportation, care and custody and may hold such goods and resell them in like manner as an aggrieved seller (Section 7-2-706).”