This is an appeal from a suit for specific performance of an option to purchase land and/or damages for breach of the option contract. The trial court entered a judgment holding that the plaintiffs were not entitled to recover.
Colonial Baking Company of Alabama began occupying a building owned by L.H. Black and his wife in Greenville, Alabama, in 1949. Colonial rented the building without a written lease until 1959, when the parties entered into a written lease effective June 22, 1959, which provided for a monthly rent of $40.00. Colonial and Black extended the term of this lease by a series of letters until they executed the lease involved in this action on January 10, 1969.
In 1968 Black undertook to build a new building on this property. Colonial contributed to the improvements by drilling a well, landscaping, paving, panelling, building an office inside the building, and constructing a loading dock. The invoices for Colonial's contribution to the improvements totalled $6,363.22.
After these improvements, Colonial entered into a new lease with Mr. and Mrs. Black which increased the monthly rent to $100.00. This lease included the following option to purchase:
 "The Lessors, in consideration for the Lessee leasing the subject premises, hereby grant unto the Lessee the option to purchase these premises for the total sum of eight thousand five hundred and no/100 ($8,500.00) dollars. This option shall be effective during the term of this lease and thereafter until exercised. Such option shall be exercisable upon the death of the last of the Lessors to die by the giving of written notice to the legal representatives of that estate within thirty days after their appointment and if no representatives are appointed, then to the heirs, as determined by the laws of descent and distribution of the State of Alabama, within six months from the date of death of the last to die, or within six months from the date of determination of the heirs or distributees by a court having jurisdiction over such determination."
This lease also was extended by a series of letters, under the last of which it was due to expire at the end of 1984.
Black's wife died in January 1977, leaving all her property, including her share in the subject property, to her husband. On March 7, 1980, Black conveyed the property leased by Colonial to Pine Dale, Inc. In March or April, Vernice Shirley of Pine Dale called Buford Roberts, the president of Colonial, informing him that Pine Dale had purchased the property and that Colonial was to commence sending the monthly rental checks to Pine Dale. Roberts told her that Colonial had an option to purchase. Pine Dale sent a letter dated March 31, 1980, to Colonial stating that Pine Dale had bought the property, enclosing a copy of the deed from Black to Pine Dale, and requesting that Colonial send future rent payments directly to Pine Dale.
On April 7, 1980, Colonial wrote Pine Dale acknowledging Pine Dale's letter and asserting the option with a request that Pine Dale acknowledge the option. In response, Pine Dale's attorney requested a copy of the lease and option, which Colonial provided on April 25, together with an explanation of the longstanding relationship between Colonial and Black and of the circumstances surrounding the option. Roberts testified that Black called him sometime after the sale to Pine Dale and asked that Colonial release him from the option, which Colonial refused to do. *Page 858 
Black died on July 9, 1980, and letters testamentary were issued on September 19, 1980, to First National Bank of Greenville as executor of his estate. On November 17, 1980, Pine Dale's attorney wrote to inform Colonial of Black's death. On December 10, 1980, Colonial wrote Pine Dale in an attempt to exercise the option to purchase the property from Pine Dale as successor and assignee of Black. Pine Dale's attorney wrote Colonial the following day acknowledging receipt of the letter but refusing to recognize the option.
Colonial brought this suit against the Bank as executor and against Pine Dale. The complaint sought damages for breach of contract in the amount of $50,000.00, specific performance conveying title to Colonial, and/or compensatory damages for the defendants' actions preventing it from exercising the option. The trial court denied defendants' motion for summary judgment; the parties conducted discovery; and the trial court held a non-jury trial, after which it entered a judgment holding that Colonial did not exercise the option within the time provided and was not entitled to recover. Colonial appeals from that judgment.
Colonial raises the following issues:
 "I. Did the trial court err in its finding that Colonial failed to exercise its option within a timely manner?
 "II. Did the trial court err in failing to find liability against the estate of L.H. Black for breach of the option provision contained in the lease?
 "III. Did the trial court err in failing to find the course of conduct of Black and Pine Dale presented an actionable theory which was compensable?"
We hold that the trial court did not err in holding that Colonial could not recover because it failed to exercise the option within the time provided and, for the reasons stated below, the trial court did not err in denying recovery on the other grounds.
Time is always of the essence in an option contract unless expressly stated otherwise. Murphy v. Schuster Spring LumberCo., 215 Ala. 412, 111 So. 427 (1926); Coley v. English,209 Ala. 688, 96 So. 909 (1923); Lauderdale Power Co. v. Perry,202 Ala. 394, 80 So. 476 (1918); Fulenwider v. Rowan, 136 Ala. 287,34 So. 975 (1902). A specified time within which the option may be exercised is one of the essentials of an option contract.McGuire v. Andre, 259 Ala. 109, 65 So.2d 185 (1953); Neely v.Denton, 260 Ala. 26, 68 So.2d 537 (1953). But see Holk v.Snider, 294 Ala. 318, 316 So.2d 675 (1975), wherein members of this Court disagreed whether the instrument in question was an option or a contract for purchase and sale, but agreed that time was not of the essence under the circumstances of the case.
We find that the circumstances of this case do not provide an exception to the rule that time is ordinarily of the essence in option contracts. Option contracts are to be strictly construed. Murphy, supra; Lauderdale Power Co., supra.
Moreover, even if we were to find an ambiguity as to whether time was of the essence, we would not be inclined to accept Colonial's assertion that it was not. Colonial drafted the 1969 lease which first included the option, and instruments are construed against the party drafting the instrument. Morrow v.Wood, 411 So.2d 120 (Ala. 1982).
The option was drafted in 1969 allowing Colonial to purchase the property for $8,500.00. Roberts, the president of Colonial, testified that in June 1980 when Black died, the property was worth $25,000 — $21,000.00 for the building and $4,000.00 for the lot. Judson Gray, a qualified real estate appraiser, testified that the building was worth $20,000.00 and the lot was worth $18,000.00; these figures are consistent with the price Pine Dale paid Black for the parcel which includes the Colonial lot, a service station, and another store. Fluctuations in price such as this are one reason time is of the essence in option contracts. See the authorities cited above.
Colonial claims it did not have notice of Black's death until it received the letter from Pine Dale dated November 17. This assertion was countered by evidence that *Page 859 
the Bank published notice of his death for the sake of claims against the estate and by testimony of Colonial's local manager that he knew of Black's death within a few weeks. Colonial argues that Pine Dale acted in bad faith by not sending notice until after the thirty-day period for exercising the option had expired. Nothing in the option, however, imposes a duty on Black's successors or assigns to notify Colonial of Black's death. Colonial contends that a provision in the lease stating where notice to each party is to be sent imposes such a duty. Notice is appropriate for various other circumstances arising under a lease, and under the principle of strict construction of option contracts, we will not read such a duty into this option when it is not mentioned in the written agreement.
Thus, we find no ground for holding the trial court in error in its holding that Colonial cannot recover because of its failure to timely exercise its option. Because Colonial lost its rights for this reason, we see no need to address the issue of whether Pine Dale had constructive notice of the option so that it would be binding on Pine Dale. See Hill v. Taylor,285 Ala. 612, 235 So.2d 647 (1970); First Alabama Bank ofHuntsville v. Key, 394 So.2d 67 (Ala.Civ.App. 1981). The trial court did not err in holding that Colonial cannot recover damages for either breach of contract or the defendants' preventing Colonial from exercising its option. The judgment of the trial court is therefore affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY, and ADAMS, JJ., concur.