On April 30, 1987, Leonard Storie entered into a "Real Estate Purchase Option Agreement" with John C. Allen that involved a parcel of real estate in Madison County. Storie and Allen also entered into a mortgage agreement, involving the same parcel of property, that provided for a mortgage note in the principal sum of $165,000 and that required Allen to pay monthly installments of $1,750 to Storie on the first of each month until the note was "paid."[1]
The option agreement provided that Storie could exercise his option to purchase the property upon the happening of either one of two events. First, Storie could exercise his option during a one-month period no sooner than one year from the date of the option agreement and no later than 13 months from the date of the option agreement. During this one-month time period, known as a "window," the option could be exercised either by sending written notice of its exercise by certified mail, return receipt requested, or by hand delivery of written notice to Allen at the address set forth in the option agreement. Second, Storie could exercise his option if Allen became more than 10 days delinquent on any monthly payment due on the mortgage note. The option agreement also provided that following the exercise of the option by Storie, Allen had an option to rent the real estate from Storie for a period of one year at a monthly rental equal to the monthly payment on the note.
On April 25, 1988, Allen received a hand-delivered letter from Storie that purported to serve as written notice of Storie's intent to exercise his option. That letter clearly was sent before the one year had expired. Nothing more was done at that time by either party involving the option.
On December 12, 1988, Storie sent a letter to Allen by certified mail, return receipt requested, informing Allen of his intent to exercise his option. On that occasion, Storie was exercising his option pursuant to the delinquent-payment provision in the option agreement. Two days later, Storie met with Allen and they discussed plans to resolve the December delinquent payment problem. After several unsuccessful attempts to collect the payment from Allen, Storie demanded that Allen comply with the option agreement and convey the real estate described in the agreement.
On April 25, 1989, Storie filed a complaint against Allen, seeking specific performance of the option for the sale of the real estate in question. Allen responded with a motion to dismiss the complaint, *Page 1318 
alleging that Storie had failed to state a claim; the trial court denied the motion. Allen then filed an answer denying "each and every material allegation" in Storie's complaint, demanded a jury trial, and made an offer of judgment pursuant to Rule 68, A.R.Civ.P. Both parties then moved for summary judgment and, on March 2, 1990, the trial court held a hearing on the matter.
Nothing further occurred until June 5, 1990, when Allen amended his answer to include the affirmative defenses of estoppel and waiver, amended his motion for summary judgment, and amended his response to Storie's motion for summary judgment.
On June 11, 1990, the trial court issued an order granting Storie's motion for summary judgment and denying Allen's motion for summary judgment. The court's summary judgment ordered Allen to convey to Storie the real estate in question. Allen appeals.
As we have stated on numerous occasions, summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, the burden of proof shifts to the nonmovant to provide "substantial evidence" in support of his position, so as to show that there is a question of fact. Rule 56(c); Ala. Code 1975, § 12-21-12; Hanners v. Balfour Guthrie, Inc.,564 So.2d 412 (Ala. 1990); Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794 (Ala. 1989). The trial court is required to view all evidence offered by the moving party in support of his motion in the light most favorable to the nonmovant.
Allen argues that Storie "missed" the "window" in the option agreement and, therefore, that Storie could not possibly have exercised his option under the "window" provision. We need not address this issue because Storie concedes that his attempt to exercise the option under the "window" provision occurred too soon and, thus, that the April 25, 1988, attempt to exercise the option was ineffectual.
As to Storie's December 12, 1988, exercise of the option agreement, Allen does not contend that that exercise was improper. Instead, he argues that Storie had waived his right to specific performance of the option agreement by his conduct after the 10-day default.
We have stated before that time is of the essence in an option contract unless it is expressly stated otherwise. Colonial Baking Co.of Alabama v. Pine Dale, Inc., 436 So.2d 856 (Ala. 1983). "A specified time within which the option may be exercised is one of the essentials of an option contract." Id. at 858. The record shows clearly that 2 days after the 10-day default period had run, Storie exercised his option and did so by strict compliance with the requirements of the agreement. The December exercise of the option was valid.
Allen contends that Storie waived any right to specific performance when he and Storie met to discuss plans to resolve the delinquent payments. This contention by Allen is not supported by the facts. The record is not clear whether any payments were ever delivered by Allen or received by Storie after the exercise of the option in December. There is evidence that Storie attempted to collect an amount equal to a mortgage payment, but it is not clear whether Storie was attempting to collect a mortgage payment or a rent payment. The option agreement contained a provision allowing Allen to retain possession of the property and to pay monthly rent at the same amount as the monthly mortgage payment, even after Storie had exercised his option to purchase. Nonetheless, the record does not reveal that any money was exchanged after Storie exercised his option. The evidence would not support a finding that Storie's conduct constituted a waiver of his right to specific performance or worked an estoppel. Cf. Henderson v.Winkler, 454 So.2d 1358 (Ala. 1984).
The equitable remedy of specific performance rests largely in the discretion of the trial judge, and whether relief shall *Page 1319 
be granted depends upon a consideration of the particular circumstances of each case. Stringfellow Materials, Inc. v. Lee,438 So.2d 1387 (Ala. 1983). Furthermore, the trial count's ruling may not be overturned unless it is shown to be palpably erroneous. GulfCity Body Trailer Works, Inc. v. Phoenix Properties Trust, Inc.,531 So.2d 870 (Ala. 1988).
Because of the result reached on other grounds, we find it unnecessary to address the other issues raised on appeal by Storie.
Thus, construing the evidence in the light most favorable to Allen, we do not find substantial evidence to rebut Storie's prima facie showing that no genuine issue of material fact exists. Therefore, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] Allen owned the real estate in question, but mortgaged the property to Storie. The option agreement stems out of the mortgage agreement.