James A. Conner and Lori B. Conner ("the sellers") appeal the trial court's dismissal of their breach-of-contract claim against Auburn Partners, L.L.C. ("the purchaser").
On November 22, 2000, the sellers and the purchaser entered into a purchase and sale agreement ("the contract") for the sale and purchase of approximately 5.4 acres of real property located at 2510 East Glenn Avenue in Auburn. Pursuant to the contract, the purchaser was to deliver to the escrow agent a check for $2,500, as earnest money, within five days of the execution of the contract. During the 180-day period after the execution of the contract ("the feasibility period"), each party was to perform various tasks set forth in the contract. The purchaser was entitled to terminate the contract during the feasibility period. Upon the expiration of the feasibility period, provided that the purchaser had not terminated the contract, the purchaser was to deposit the "approval deposit" ($17,500); the parties then had 90 days in which to complete the sale. The feasibility period ended on June 1, 2001, and because the contract had not been terminated, the approval deposit became due.
On June 20, 2001, the sellers' attorney mailed the purchaser a letter; the letter stated that the approval deposit was past due and asked that the closing be set to comply with the September 1, 2001, deadline as stipulated in the contract. On August 31, 2001, the sellers appeared for closing, ready and willing to complete the sale. Although notice of the time and place for closing was provided, the purchaser did not appear.
The sellers filed a complaint, seeking either specific performance of the contract for sale or, in the alternative, money damages. On September 26, 2001, the purchaser filed a Rule 12(b)(6), Ala.R.Civ.P., motion to dismiss. In the motion, the purchaser asserted the sellers were not entitled to either specific performance or money damages under the contract. On October 9, 2001, the sellers filed a motion for a summary judgment; the sellers argued that based on the undisputed facts the sellers were entitled to a judgment as a matter of law. The trial court, on November 9, 2001, held a hearing on the purchaser's motion to dismiss. The trial court granted the attorneys 20 days from the hearing to submit additional authorities or affidavits to the trial court. The purchaser filed a motion for an extension of time; the trial court granted this motion on November 21, 2001, extending the deadline to submit additional material to December 19, 2001. The sellers filed an opposition to the motion to dismiss, and the purchaser filed a supplemental motion to dismiss, both on December 19, 2001. On March 5, 2002, the trial court entered an order granting the purchaser's motion to dismiss. This order specifically stated that the purchaser's "Motion to Dismiss shall be treated as a Motion for Summary Judgment." (C. 79.) The trial court entered a summary judgment for the purchaser on all claims of the sellers and denied the sellers' motion for a summary judgment.
The sellers appealed to the Alabama Supreme Court; that court transferred the case to this court, pursuant to § 12-2-7(6), Ala. Code 1975. The sellers raise three issues on appeal: (1) whether the trial court erred in failing to award the remedy of specific performance or money damages to the sellers; (2) whether the trial court erred in considering the affidavit of real estate agent Lynne Snell when ruling on the motions; and (3) whether the trial court erred in denying the sellers' motion for a summary judgment. An order *Page 758 
denying a motion for a summary judgment is not appealable; therefore, we will only address the first two issues. See Minor Heights Fire Dist. v.Skinner, 831 So.2d 609 (Ala.Civ.App. 2002); Blanton v. Liberty Nat'l]Life Ins. Co., 434 So.2d 773 (Ala. 1983).
"With respect to both motions to dismiss and motions for judgment on the pleadings, the trial court is vested with discretion to choose whether to consider materials outside the pleadings submitted in support of those motions." Harden v. Ritter, 710 So.2d 1254, 1255 (Ala.Civ.App. 1997). Rule 12(b), Ala.R.Civ.P., requires that when
 "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
Thus, by reviewing matters outside the pleadings, the trial court must also afford the nonmoving party all of the procedural safeguards set forth in Rule 56, Ala.R.Civ.P., pertinent to summary judgments. Gravemanv. Wind Drift Owners' Ass'n, 607 So.2d 199, 202 (Ala. 1992).
In this case, the purchaser initially filed a motion to dismiss and attached as an exhibit a copy of the contract. Later, the purchaser submitted the affidavit of Lynne Snell in its supplemental motion to dismiss. The sellers filed a motion for a summary judgment that included a copy of the contract and affidavits of both the sellers. The sellers also filed a brief in opposition to the purchaser's motion to dismiss. After holding an ore tenus hearing, the trial court gave the parties 20 days to submit additional affidavits and authority. Both parties submitted additional material to the trial court. We conclude that the requirements that govern Rule 56 summary judgments and apply to a converted Rule 12(b)(6) motion were met. However, this does not mean that the trial court's summary judgment for the purchaser was proper.
The trial court's conversion of the purchaser's motion to dismiss into a summary-judgment motion had the effect of increasing the purchaser's burden of proof in regard to the motion. See Banks, Finley, White Co.v. Wright, [Ms. 2000278, November 30, 2001] ___ So.2d ___ (Ala.Civ.App. 2001). Notwithstanding the treatment of a motion to dismiss as a summary-judgment motion, if a movant is not entitled to a summary judgment as a matter of law, the motion must be denied. See generallyMatthews Bros. Constr. Co. v. Stonebrook Dev., L.L.C., [Ms. 2991175, December 21, 2001] ___ So.2d ___ (Ala.Civ.App. 2001).
In order for the trial court to enter a summary judgment, the trial court must determine (1) that there is no genuine issue of material fact and (2) that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. The burden shifts to the nonmovant to rebut the movant's prima facie showing by "substantial evidence." "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989).
In the purchaser's motion to dismiss, the argument hinges on a specific reading of Section 12 of the contract entitled Termination and Remedies. Section 12(a) states:
 "(a) If Purchaser fails to consummate the purchase of the Property pursuant *Page 759 
to this Agreement for any reason other than termination hereof pursuant to the rights granted to Purchaser in Sections, 5, 6, 7, and 11 hereof, then Seller shall have the right to terminate this Agreement by notifying purchaser thereof, in which event Escrow Agent shall deliver the Earnest Money to Seller and neither party hereto shall have any further rights or obligations hereunder."
The purchaser argued, and the trial court ruled, that this section does not include the right to seek specific performance and, therefore, that this remedy was not available to the sellers.
The sellers argue that § 8-1-47, Ala. Code 1975, makes the remedy of specific performance available in cases alleging breach of contract for the sale of real property. They argue that unless the contract specifically provides for a sole or exclusive remedy, the presumption of the remedy of specific performance is statutorily authorized.
"Specific performance is an equitable remedy that rests largely in the discretion of the trial court, based on a consideration of the particular circumstances of each case." Hicks v. Dunn, 622 So.2d 914, 916 (Ala. 1993). The trial court's ruling may not be overturned unless it is shown to be palpably wrong. Id. Appellate courts throughout the years have deferred to the trial court's discretion in determining whether to allow specific performance in real property transactions. See, e.g., Webster v.Aust, 628 So.2d 846 (Ala.Civ.App. 1993); Allen v. Storie, 579 So.2d 1316
(Ala. 1991); Brett v. Wall, 530 So.2d 797 (Ala. 1988); and StringfellowMaterials, Inc. v. Lee, 438 So.2d 1387 (Ala. 1983). Most cases have reviewed the issue whether a party may request specific performance when the contract provides a liquidated damages clause.
This was the situation in Gulf City Body Trailer Works, Inc. v.Phoenix Properties Trust, Inc., 531 So.2d 870 (Ala. 1988). In Gulf City
the sales agreement contained the following provision: "`In the event of default by Buyer, all deposits made hereunder may be forfeited as liquidated damages and, as Seller's sole remedy.'" 531 So.2d at 871. Our supreme court upheld the trial court's denial of specific performance, in part, based on the liquidated-damages provision in the contract. The supreme court then reversed the summary judgment on the fraudulent-misrepresentation claim and remanded the case to the trial court, which still had the breach-of-contract claim pending before it.Id., at 872-3.
In the current case, Section 12(a) of the contract gives the seller "the right to terminate this Agreement by notifying purchaser thereof, in which event Escrow Agent shall deliver the Earnest Money to Seller and neither party hereto shall have any further rights or obligations hereunder." This language gives the seller a right to terminate the contract and to accept as damages the earnest money from the escrow agent. Nothing in this provision (or elsewhere in the contract for that matter) provides that this is the sole or exclusive remedy available to the seller.
"The intention of the parties must be derived from the language of the contract." General Aviation, Inc. v. Aerial Servs., Inc., 700 So.2d 1385,1387 (Ala.Civ.App. 1997). "`The language in an exclusion should be given the same meaning "that a person of ordinary intelligence" would reasonably give it.'" General Aviation, 700 So.2d at 1387, quotingWoodall v. Alfa Mut. Ins. Co., 658 So.2d 369, 371 (Ala. 1995). Whether a contract provision is ambiguous is a question of law, and the trial court's ruling on that question is not afforded a presumption of correctness on *Page 760 
appeal. See Baker v. Blue Circle, Inc., 585 So.2d 868 (Ala. 1991); BlueCross Blue Shield of Alabama v. Beck, 523 So.2d 121 (Ala.Civ.App. 1988). The trial court read Section 12(a) to exclude specific performance as an available remedy for the seller in case the purchaser failed to complete the purchase of the property. We disagree with this construction of the disputed section.
The language of Section 12(a) is permissive in nature, stating that the seller "shall have the right" to terminate the contract and to receive the earnest money. In the event that the seller terminates the contract, Section 12(a) provides that the escrow agent "shall deliver the Earnest Money to the Seller and neither party hereto shall have any further rights or obligations hereunder." Here the sellers specifically did not terminate the contract, and in their complaint, the sellers noted that they were ready, willing, and able to complete the transaction. (C. 2.) In fact, the sellers reiterate on appeal that they never terminated the contract; thus, the provision allowing them to accept the earnest money has not been triggered under the plain language of the contract. We conclude that, based on the statutory presumption as to the availability of specific performance in real property transfers, pursuant to § 8-1-47, Ala. Code 1975, coupled with the plain language of the contract in question, the trial court erred when it entered a summary judgment for the purchaser.
The sellers also argue that the trial court erred when it considered the affidavit of real estate agent, Lynne Snell, offered by the purchaser to support its motion to dismiss. While the opinion of the person who drafted the contract may or may not be admissible under Alabama's Statute of Frauds and the parol evidence rule, we need not address this issue because we are reversing the summary judgment for the purchaser and remanding this cause to the trial court for further proceedings.
REVERSED AND REMANDED.
Yates, P.J., and Thompson, J., concur in the result.
Crawley, J., dissents.