MURDOCK, Judge,
concurring in the result.
The defendants in this case filed a motion under Rule 12(b)(6), Ala. R. Civ. P., presenting to the trial court the issue whether the plaintiffs’ complaint should be dismissed for failure to state a claim upon which relief could be granted. I agree with the main opinion that the plaintiffs’ complaint was due to be dismissed on this ground and that we should therefore affirm the trial court’s judgment. See Hinds v. Hinds, 887 So.2d 267, 272 n. 2 (Ala.Civ.App.2003) (“[A]n appellate court ‘ “will affirm the judgment appealed from if supported on any valid legal ground.” ’ Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988) (quoting Tucker v. Nichols, 431 So.2d 1263, 1265 (Ala.1983)).”).
Before reaching the issue whether the plaintiffs’ complaint failed to state a claim upon which relief could be granted, however, the main opinion analyzes the interplay between Rule 12(b)(6) and Rule 56, Ala. R. Civ. P., and the manner in which the procedural requirements of Rule 56 should be applied in a case where materials outside the pleadings are presented to and not excluded by the trial court. Contrary to the main opinion, to the extent the trial court treated the defendants’ motion under Rule 12(b)(6) as one for a summary judg *436 ment under Rule 56, I see no procedural error in the manner in which the court handled the converted motion. While my disagreement with the main opinion in this regard does not affect my view of the proper result in this case (for the reason discussed in the first paragraph of this special writing), I find it necessary to explain my disagreement because of my concern that the main opinion’s analysis could lead to an improper result in some future, similar case.
Rule 12(b) provides, in part, that when a motion is made under Rule 12(b)(6) — asserting the failure of the complaint to state a claim upon which relief can be granted— and that motion is treated as one for summary judgment under Rule 56, “all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.” As the main opinion notes, this court has stated:
“The same requirements which govern Rule 56 summary judgments apply to a converted Rule 12(b)(6) motion. Graveman v. Wind Drift Owners’ Ass’n, Inc., 607 So.2d 199 (Ala.1992). Those requirements- are: (1) that the nonmovant receive adequate notice of the trial court’s intention to treat the motion as one for summary judgment and (2) that the nonmovant receive a reasonable opportunity to present material in opposition. Id. Our Supreme Court has held that the same 10-day notice required when a party moves for summary judgment is also required for a converted motion for summary judgment. Id.”
See Banks, Finley, White & Co. v. Wright, 864 So.2d 324, 327 (Ala.Civ.App.2001). However, we also stated in Banks, Finley, White & Co. v. Wright that “notice that the court intends to treat a motion to dismiss as a Rule 56 motion for summary judgment need not be given by written order.” Id. It is enough that “the record ... demonstrate[s] that all parties were aware of the trial court’s intention to treat the motion as a converted summary-judgment motion.” Id.
The main opinion concludes that “nothing in the record could be construed as notice to the plaintiffs that the trial court intended to treat the defendants’ motion to dismiss [under Rule 12(b)(6)] as a converted motion for a summary judgment.” 892 So.2d at 434. I disagree.
The defendants’ motion to dismiss was filed on April 17, 2003. On May 6, 2003, the tidal court set the motion for a hearing on June 25, 2003. At the June 25 hearing, the trial court requested that certain information outside the pleadings be provided to it following the hearing.[2]
The plaintiffs were charged with knowledge of the provision in Rule 12(b) that when “matters outside the pleading are presented to and not excluded by the court, the motion [asserting a defense under Rule 12(b)(6)] shall be treated as one for summary judgment and disposed of as provided in Rule 56.” Further, from the time of the hearing on June 25, 2003, at which the trial court requested the addi *437 tional information, 28 days passed before the court entered its summary judgment. From July 1, 2008, the date on which the trial court received the requested information, 22 days passed before the entry of the summary judgment. Nothing prohibited the plaintiffs during this period from presenting material in opposition to the information received by the trial court.
The plaintiffs knew of the trial court’s intention to receive the requested information following the hearing, and they were charged with knowledge of the provisions of Rule 12(b). After the trial court’s receipt of the requested information, the plaintiffs had an additional 22 days in which to present material in opposition. Under such circumstances, I must conclude that the requirements enumerated by this court in Banks, Finley, White & Co. v. Wright of “adequate notice of the trial court’s intention to treat the motion as one for summary judgment” and “a reasonable opportunity to present material in opposition” thereto were satisfied.
CRAWLEY, J., concurs.

. At no time did the plaintiffs make any objection to the trial court's receipt of the additional information the court had requested in conjunction with its consideration of the defendants' motion to dismiss. In fact, the plaintiffs even agreed to the submission of that information by means of an unsworn letter. Nor did any party object to the presentation of the requested information following the hearing, rather than 10 days prior to it. See Rule 56(c)(2), Ala. R. Civ. P. See also, e.g., Conner v. Auburn Partners LLC, 852 So.2d 755 (Ala.Civ.App.2002) (holding that the requirements that govern Rule 56 summary-judgment motions and converted Rule 12(b)(6) motions were met in a case in which the trial court gave the parties 20 days to submit additional affidavits and authority following a hearing on a motion to dismiss).