Rel: October 10, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

### SC-2025-0130
_____

### LaTonya McCain

### v.

### James Sneed and Vernetta Smoot

### Appeal from Calhoun Circuit Court
### (CV-23-900575)

LEWIS, Justice.

LaTonya McCain ("the lessor") appeals from a judgment entered by

the Calhoun Circuit Court ("the trial court") in favor of James Sneed and

Vernetta Smoot ("the lessees"). We affirm the trial court's judgment in part, reverse it in part, and remand this cause to the trial court.

Procedural History

On December 20, 2023, the lessor filed a complaint against the lessees, requesting that the trial court declare the parties' rights to certain property located in Calhoun County ("the property") and award her possession of the property and damages for lost profits. On January 22, 2024, the lessees filed an answer and a counterclaim, alleging breach of contract, unjust enrichment, and promissory fraud. The lessor filed a reply to the counterclaim on February 15, 2024. After a trial, the trial court entered a judgment on December 20, 2024, stating:

"This matter came before the Court on the 18th day of December, 2024[,] with the [lessor] present represented by Jake Mathews and the [lessees] present represented by Gerald Sills. This matter was before the Court pursuant to the Ejectment action filed by the [lessor] and the Counterclaim filed by the [lessees] alleging Breach of Contract, Unjust Enrichment and Promissory Fraud. Following presentation of testimony and evidence, the Court finds as follows:

"1. A valid lease to purchase contract between the parties exists.

"2. The [lessees] have complied with the terms of the lease to purchase contract.

2

"3. The [lessor] has a mortgage debt remaining on the subject property, in the amount of approximately $21,024.57.

"4. Monies are being held by the [lessor] and/or attorney for [the lessor], as well as the attorney for the [lessees], that were paid by the [lessees] either directly to the [lessor] or being held by the [lessees'] attorney, which represent payments made in accordance with the parties' contract for the months of November 2023, December 2023, January 2024, February 2024, and March 2024, as well as a $3,000.00 annual payment made in March 2024, which is held in the trust account of the [lessees'] attorney.

"Based on the testimony and evidence presented, as well as the above findings of fact[,] it is hereby ORDERED, ADJUDGED and DECREED as follows:

"1. All monies being held mentioned in paragraph 4 above should be immediately paid to the [lessor] and the [lessor] shall immediately pay all of these monies to reduce the principle of the mortgage on the subject property.

"2. On or before March 1, 2025, the [lessor] shall satisfy in full the mortgage against the subject property, and any other liens or encumbrances against the subject property.

"3. On or before March 1, 2025, the [lessor] shall execute a deed to the [lessees] conveying clear, fee simple title of the subject property to the [lessees].

"4. The [lessees] shall be responsible for the payment of the 2024 property taxes associated with the subject property.

"5. All other requests made by the parties, not specifically addressed herein, are denied."

(Capitalization in original.)

3

On January 15, 2025, the lessor filed a postjudgment motion, requesting the following relief:

"1. Pursuant to Rule 52[, Ala. R. Civ. P.], the [lessor] requests the Court to amend its Order to state the facts and conclusions of law for its holding that the [lessees] complied with the provisions of the Lease-Sale Contract.

"2. To vacate the Court's Order and enter an Order denying the relief requested by the [lessor] and enter an Order awarding [the lessor] possession of the property on the following grounds.

"a. There is insufficient evidence to support the holding that the [lessees] had complied with the Lease-Sale Agreement contract in that the [lessees] were not timely in making the October and November 2023 payments as defined by the terms of the Lease-Sale Agreement which states that in the event the [l]essees fail to pay said rent as set forth on the date which it is due, failure on their part to make good said default within twenty (20) days from the due date thereof will authorize the [l]essor to terminate and cancel the lease at her option

"b. There was no evidence that the [lessees] ever gave written notice to [the lessor] of their desire to purchase the real property in dispute as called for in the Lease-Sale Agreement.

"3. To order a new trial on the basis of new evidence. After trial, the [lessees] produced money orders that show that the payments for March, April, May, June, July, and August of 2024, were not timely because they were not made by the 1st of the month pursuant to the terms of the Lease-

4

Sale Agreement. Copies of the referenced money orders are attached hereto as Exhibit 1. Furthermore, it is unclear from the $3,000 check drawn on Stubbs, Sills & Fry whether the [lessees] paid it in March of 2024. Moreover, [lessee] James Sneed stated at trial that he had called [the lessor] multiple times in November, 2024, and the [lessor] has pulled phone records reflecting that no such calls were made.

"4. To alter or amend its Order changing the deadline for the [lessor] to pay off the mortgage from March, 2025 to August, 2025.

"5. To alter and or amend its Order to address the issue of insurance. The insurance is paid through escrow by the mortgage company."

The trial court denied that motion on January 16, 2025. The lessor filed her notice of appeal to this court on February 25, 2025.

## The Lease

The "Lease with Option to Purchase" ("the lease") provides:

"THIS LEASE, made and entered into on this the 1st day of October, 2016, by and between LaTonya McCain, a single woman, hereinafter called 'Lessor', and James Sneed and Vernetta Smoot, hereinafter called 'Lessees.'

"WITNESSETH:

"That Lessor does hereby lease and rent unto the Lessees [the] property ….

"….

5

"for use as a residence during the term of ninety-six (96) months, beginning on the 1st day of October, 2016, and ending on the 30th day of September, 2024.

"IN CONSIDERATION WHEREOF, the Lessees agree to pay the Lessor, on the first day of each month of said term, in advance, as rent for said premises herein leased the sum of Eight Hundred Twenty-Five Dollars ($825.00) per month, plus additional payments on March of each year as set out herein. Lessees further agree to make an initial payment to Lessor of $10,800.00 which shall apply toward purchase.

"THIS LEASE is made on the following Terms, Conditions and Covenants:

"1. The Lessor covenants to keep the Lessees in possession of said premises during said term.

"2. Nothing herein shall be construed as a warranty that premises are in good condition or are fit or suitable for the use and purpose for which they are rented or leased. The Lessor has made no representations or promises with respect to said premises except as herein expressly set forth.

"3. The Lessees will, upon the expiration or termination of this lease, surrender the quiet and peaceful possession of said premises in like good order as the same were in at the commencement of said term, natural wear and tear excepted.

"4. The Lessees will indemnify, protect and save harmless the Lessor herein from any loss, cost, damage or expense caused by injury to persons or property while in, on or about said premises herein described.

"5. In the event the Lessees fail to pay said rent as set forth herein on the date which it is due, failure on their part to make good said default within twenty (20) days from the due date thereof will authorize the Lessor to terminate and

6

cancel this lease at her option. Lessees further agree to pay a late payment fee of ten (10%) percent of the payment received by Lessor which is more than six (6) days past its due date.

"6. It is understood and agreed that Lessor currently has a mortgage on subject property and Lessor agrees to keep the said mortgage payments current to include any tax and hazard insurance escrow during the term of this lease and Lessees may require Lessor to provide written evidence that the Lessor's mortgage payments are current. Lessor further agrees that she will not make any additional mortgages or other liens against said property.

"7. Lessees further agree that they will not commit any waste on the property or allow any waste to be committed to the property and will keep repairs to the property, including, but not limited to, electrical, plumbing, mechanical, painting, and lawn maintenance. Any fixtures removed from property without the expressed written consent of Lessor shall be immediately replaced with a fixture of equal or greater value. Lessor shall have the right of entry onto the premises for the purpose of inspection upon reasonable notice to Lessees.

"8. Lessees have agreed to make a deposit of Ten Thousand Eight Hundred and No/100 ($10,800.00) Dollars with Lessor upon the execution of this agreement and further Lessees agree to pay to Lessor the sum of Three Thousand and No/100 Dollars ($3,000.00) each March 15th beginning March 15, 2017, which said $3,000.00 payments will be counted as prepayments in the event Lessees exercise the option to purchase, along with the $10,800.00 down payment toward a total purchase price of $114,000.00.

"It is agreed that Lessees may make the $10,800.00 down payment and the $3,000.00 annual payment by form of a money order made payable to Lessor[]. Lessees may require Lessor to get a payoff statement from time to time showing Lessor's mortgage balance. In the event Lessees exercise their

7

option to purchase and have made all payments to Lessor as set out herein, Lessor will be responsible to pay the then mortgage balance in full assuming full payment by Lessees to Lessor.

"9. The Lessees agree to make no unlawful or offensive use of said premises during the term of this lease and any violation thereof shall authorize the Lessor to terminate and cancel this lease at her option.

"10. Lessees agree that in the event they should vacate the premises at any time during the term of this lease or should they fail to comply with the term set forth herein, all of their monies and rights thereunder shall immediately cease and terminate and become null and void. Lessees further assume the risk of Lessor incurring additional involuntary liens against subject property.

"11. Lessor shall maintain hazard and fire insurance insuring said residence. Lessees shall, at Lessees' option, maintain at Lessees' expense an insurance policy covering the contents and personal property owned by Lessees. In the event of a total loss, the insurance proceeds shall pay the existing mortgage and Lessees receive the balance.

"12. Lessees shall not assign or in any manner transfer this lease or any estate, interest, or benefit herein, or sublet said premises or any part or parts thereof. Each and every transfer or assignment of this lease or any interest therein or rights and privileges contained herein, shall be null and void, unless the written consent of the Lessor be first obtained thereunto.

"13. As part of this lease, and subject to all the terms and conditions thereof, the Lessor does hereby give and grant unto the Lessees the option and privilege of purchasing the leased premises for the full purchase price of One Hundred Fourteen Thousand and No/100 Dollars ($114,000.00).

"14. The Lessees shall have the right to exercise this option of purchase at any time before the expiration of the term of the lease agreement referred to herein, subject[,] however, to the following terms and conditions:

"A. That said lease referred to herein shall be in full force and effect and that the same has not been canceled or terminated and that the Lessees are still in possession of said premises under this Lease.

"B. That Lessees shall have observed and complied with all the terms, conditions, and covenants of the lease referred to herein.

C. That the Lessees shall give written notice to the Lessor at least thirty (30) days prior to the expiration date of this lease of [their] desire to exercise this option to purchase.

"D. Lessees agree, in the event of [their] exercising this option of purchase, that they will pay all closing costs.

"E. The annual March 15 payments of $3,000.00 each shall be treated as principal reductions and will shorten the amortization.

"F. Lessees agree to pay actual property taxes of mentioned property each year directly to Lessor for the duration of this agreement.

"In the event the Lessees do not exercise their option to purchase, or fail to comply with any term set forth herein, the property shall be returned to the Lessor and all monies paid hereunder shall be treated as rent for past occupancy which amounts are hereby agreed to be reasonable, to include the

9

$10,800.00 down payment and the annual $3,000.00 principal reductions. Lessees may make additional prepayments in addition to scheduled monthly rent and the $3,000.00 payments which will further shorten the amortization period. The total payback including down payment will be $114,000.00.

"IN WITNESS WHEREOF, the parties have executed this Lease with Option to Purchase on the date first above written."

(Capitalization in original.)

## Standard of Review

"'Because the trial court heard ore tenus evidence during the bench trial, the ore tenus standard of review applies. Our ore tenus standard of review is well settled. "'When a judge in a nonjury case hears oral testimony, a judgment based on findings of fact based on that testimony will be presumed correct and will not be disturbed on appeal except for a plain and palpable error.'" Smith v. Muchia, 854 So. 2d 85, 92 (Ala. 2003) (quoting Allstate Ins. Co. v. Skelton, 675 So. 2d 377, 379 (Ala. 1996)).

"'"'The ore tenus rule is grounded upon the principle that when the trial court hears oral testimony it has an opportunity to evaluate the demeanor and credibility of witnesses.' Hall v. Mazzone, 486 So. 2d 408, 410 (Ala. 1986). The rule applies to 'disputed issues of fact,' whether the dispute is based entirely upon oral testimony or upon a combination of oral testimony and documentary evidence. Born v.

> Clark, 662 So. 2d 669, 672 (Ala. 1995). The ore tenus standard of review, succinctly stated, is as follows:
>
> > "'"'[W]here the evidence has been [presented] ore tenus, a presumption of correctness attends the trial court's conclusion on issues of fact, and this Court will not disturb the trial court's conclusion unless it is clearly erroneous and against the great weight of the evidence, but will affirm the judgment if, under any reasonable aspect, it is supported by credible evidence.'"
>
> "'Reed v. Board of Trs. for Alabama State Univ., 778 So. 2d 791, 795 (Ala. 2000) (quoting Raidt v. Crane, 342 So. 2d 358, 360 (Ala. 1977)). However, "that presumption [of correctness] has no application when the trial court is shown to have improperly applied the law to the facts." Ex parte Board of Zoning Adjustment of Mobile, 636 So. 2d 415, 417 (Ala. 1994).'
>
> "Kennedy v. Boles Invs., Inc., 53 So. 3d 60, 67-68 (Ala. 2010)."

Fort Morgan Civic Ass'n v. City of Gulf Shores, 100 So. 3d 1042, 1045-46 (Ala. 2012).

## Discussion

## I.

On appeal, the lessor first argues that "[t]he trial court erred by denying the [l]essor's claim that [the l]essees breached the lease/purchase agreement." Lessor's brief, p. 24. Specifically, she argues that the lessees "defaulted [on the lease] by failing to pay the October 2023 property taxes and November 2023 rent within twenty (20) days from when those payments were required." Id., p. 25. As the lessees point out, however, the lease does not provide that the property taxes must be paid in the month of October. The lease simply states: "Lessees agree to pay actual property taxes of mentioned property each year directly to Lessor for the duration of this agreement."

With respect to the late payment of the November 2023 rent, we note that Sneed testified that the lessor had instructed the lessees to notify her before delivering payment. The lessees submitted evidence indicating that Sneed had sent the lessor a text message on November 3, 2023, stating: "Hey are you at home. I wanna bring the taxes and mortg[]age thru." Thereafter, on November 5, 2023, Sneed sent another text message to the lessor stating: "So do you want me to bring mortgage

and go pay the taxes tomorrow? Or how did you want to handle it?" Sneed testified that the lessor did not respond to either of those text messages. Instead, the lessor mailed the lessees a letter dated November 21, 2023, stating that the lessees were in default of the lease and notifying them that she was exercising her option to terminate the lease. On November 29, 2023, the lessees placed a money order dated November 3, 2023, for the November 2023 rent in the lessor's mailbox.

"A party to a contract who has caused a failure of performance by the other party cannot take advantage of that failure." Big Thicket Broad. Co. of Alabama v. Santos, 594 So. 2d 1241, 1244 (Ala. Civ. App. 1991). Considering the evidence presented by the lessees, the trial court could have properly determined that the lessor had prevented the lessees' performance of their November 2023 payment obligation in order to take advantage of the breach by canceling the lease.

Based on the foregoing, we cannot conclude that the lessor has demonstrated that the trial court erred by rejecting the lessor's argument that the lessees breached the lease.

13

## II.

The lessor next argues that "[t]he trial court erred by requiring the [l]essor to convey the property to the [l]essees for less than the full amount of the payments specified in the lease/purchase agreement." Lessor's brief, p. 34. The lone authority the lessor cites in support of her argument is § 12-13-11(a), Ala. Code 1975, which provides the statutory grounds for granting new trials; however, the lessor did not make this argument in her postjudgment motion. Therefore, the only citation to authority she provides is inapplicable. Because the lessor has failed to comply with Rule 28(a)(10), Ala. R. App. P., on this issue, we decline to consider it.

## III.

The lessor's final argument is that "[t]he trial court erred by crediting the monthly rent as a prepayment toward the purchase price." Lessor's brief, p. 36. The lessor notes that "option contract[s] must be strictly construed." Id., p. 38 (citing, among other cases, Colonial Baking Co. of Alabama v. Pine Dale, Inc., 436 So. 2d 856 (Ala. 1983)). She also points out that the lease does not state that the monthly rent payments would be applied to the purchase price. Indeed, the lease specifically

provides that an initial deposit of $10,800 as well as annual payments in the amount of $3,000 are to be applied to the $114,000 purchase price. Because there is no ambiguity in the lease with respect to what payments are to be applied to the purchase price and because option contracts must be strictly construed, see id., we conclude that the trial court erred by holding that the monthly rent payments applied to the purchase price. Therefore, we must reverse the trial court's judgment to the extent that it so held.

### Conclusion

Based on the foregoing, we affirm the trial court's judgment in part, but we reverse the trial court's judgment to the extent that it held that the monthly rent payments applied to the purchase price. We remand this cause to the trial court for the entry of a judgment in accordance with this opinion.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Stewart, C.J., and Wise, Sellers, and Cook, JJ., concur.